James BOGGS

v.

DRAVO CORPORATION.

Appeal of Rosalie B. PETERSON, Administratrix of the Estate of James Boggs, Deceased.

No. 75–1954.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6), Feb. 23, 1976.

Decided March 17, 1976.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Bruce R. Martin, Pittsburgh, Pa., for appellee.

Before ADAMS, HUNTER and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge.

Although the immediate issue confronting us is whether the appeal was taken within time, the underlying issues involve the proper substitution of a party plaintiff and the abatement of a maintenance and cure action upon the death of a disabled seaman. The district court denied the motion for substitution of plaintiff and dismissed the action. We hold that the appeal was timely filed and, addressing the underlying issues, we reverse.

### I.

Plaintiff James Boggs served as a seaman aboard the motor vessel Freedom owned and operated by the Dravo Corporation (Dravo). In July, 1964 Boggs was stricken and hospitalized with a respiratory ailment.

Boggs instituted suit against Dravo for maintenance and cure and for damages under the Jones Act, 46 U.S.C. § 688. On November 27, 1968 judgment was entered for Boggs in the amount of $14,445.00 on the Jones Act claim and for $10,555.00 on the maintenance and cure claim for the period up to and including November 27, 1968. Thereafter, Boggs, claiming entitlement to further maintenance and cure, filed the present action on August 9, 1972. This latter action sought maintenance and cure from November 28, 1968.[1]

Boggs died during the pendency of the present action.[2] On September 25, 1974 Dravo filed a Suggestion of Death pursuant

---

1. In addition to a claim for maintenance and cure, the complaint sought damages under the Jones Act resulting from Dravo's alleged refusal to furnish Boggs with maintenance and cure. The Jones Act count was abandoned by counsel at the pre-trial conference.

2. The record does not reveal the date of Boggs' death. Dravo's brief indicates the date of death as November 20, 1973. (Dravo's br. at 2.)

to Fed.R.Civ.P. 25(a)(1). Boggs' counsel moved to substitute the Administratrix of Boggs' estate as plaintiff. Dravo opposed the motion arguing that the motion had been brought in the name of counsel rather than in the Administratrix's name and the Administratrix had not herself sought to be substituted. Thereafter on December 16, 1974, a second motion for substitution was filed. This motion was brought in the name of Rosalie B. Peterson, Administratrix of the Estate of James Boggs, deceased and sought substitution in her capacity as Administratrix.[3]

On February 14, 1975, the district court denied both motions to substitute and dismissed the action "by reason of abatement upon the death of plaintiff."

On February 24, 1975, within the requisite ten-day time period prescribed by Fed. R.Civ.P. 59(e), the Administratrix timely filed a motion which sought to have the district court vacate its February 14, 1975 order.[4] This motion was similarly denied by the district court on April 16, 1975. The Administratrix filed her Notice of Appeal on May 14, 1975.

## II.

Dravo has moved in this Court to dismiss the Administratrix's appeal as untimely. Dravo contends that the Administratrix failed to file her notice of appeal within thirty days of the February 14, 1975 Order which denied her motion for substitution and which dismissed the action. Dravo also argues that the Rule 59(e)[5] post-dismissal motion (of February 24, 1975) made by the Administratrix was ineffective to terminate

the running of the thirty day filing period because that motion was not made by a "party".

### Appellate Rule 4(a)

Federal Rule of Appellate Procedure 4(a) requires that a notice of appeal from a final judgment or appealable order in a civil action be filed with the clerk of the district court within thirty days of the entry of the order or judgment. The timely filing of a notice of appeal is prerequisite to this Court's jurisdiction. *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259, 265 (1960); *Rothman v. United States*, 508 F.2d 648, 651 (3d Cir. 1975); *Torockio v. Chamberlain Mfg. Co.*, 456 F.2d 1084, 1085 (3d Cir. 1972) (*in banc*). A timely filed Rule 59(e) motion brought by a party seeking to alter or amend the judgment terminates the running of the thirty day period. Fed.R.App.P. 4(a); *Sonnenblick-Goldman Corp. v. Nowalk*, 420 F.2d 858 (3d Cir. 1970). The full thirty day period during which the notice of appeal must be filed commences to run anew from the entry of an order which either grants or denies the Rule 59(e) motion. Fed.R.App.P. 4(a).

Dravo does not deny that the Administratrix timely filed her Rule 59(e) motion, but contends, however, that the Administratrix is not a "party" within the meaning of Appellate Rule 4(a). Hence claims Dravo, the Administratrix could not effectively terminate the running of the thirty day filing period. We do not read Appellate Rule 4(a)[6] so restrictively.

---

**3.** This motion was timely filed within 90 days of the Suggestion of Death upon the record, as required by Fed.R.Civ.P. 25(a)(1).

**4.** The motion stated that "Plaintiff respectfully moves the Court to alter or amend the judgment and order of February 14, 1975, dismissing the above action under Rule 59(e). . ." While the motion states that the "plaintiff" moves the court, it should have properly stated that the "Administratrix" moves the court. Since the plaintiff was dead, and counsel now represented the Administratrix on behalf of the estate, this is obviously what was intended.

**5.** Fed.R.Civ.P. 59(e) reads:

A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

**6.** The pertinent part of Fed.R.App.P. 4(a) provides:

The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to the Federal Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the

Present App. Rule 4(a) was derived from former Fed.R.Civ.P. 73(a) without any change in substance. The relevant portion of App. Rule 4(a) which is invoked by Dravo in support of its position reads:

> The running of the time for filing a notice of appeal is terminated *as to all parties* by a timely motion filed in the district court by *any party* . . . . (Emphasis added.)

Originally, former Rule 73(a) had made no mention of "all parties" or "any party" with respect to those motions which terminated the running of time for appeal. Prior to 1966 the pertinent text of then Rule 73(a) read:

> The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated . . . .

*See* 9 Moore, Federal Practice ¶ 203.24[2]. Although the pre-1966 rule did not expressly provide that an appropriate post-decisional motion brought by *one party* would automatically terminate the running of the time for appeal as to *all parties*, the cases construing the rule so held.[7] The rule was therefore amended in 1966 by appropriately adding to the text the phrases "as to all parties" and "by any party." The "party" terminology employed first in Rule 73(a) and then carried over into App. Rule 4(a) was never intended to operate as a restrictive rule limiting those who could bring a motion which would have the effect of terminating the time for appeal. Rather, as we have stated, the amendment was intended to establish a uniform time for appeal for all the litigants involved. *See* Moore, *supra*, at ¶ 204.12[5].

> following orders made upon a timely motion under such rules: (1) granting or denying a motion for judgment under Rule 50(b); (2) granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) granting or denying a motion under Rule 59 to alter or amend the judgment; (4) denying a motion for a new trial under Rule 59. A judgment or order is entered within the meaning of this subdivision when it is entered in the civil docket.

The motions enumerated by App. Rule 4(a) which terminate the running of time for appeal permit the district court to correct any alleged errors before time and money are expended on appeal. *See* Moore, *supra*, at ¶ 204.12[1]. The same purpose is served by construing the term "party" in App. Rule 4(a) so as to include an Administratrix seeking to correct the improper denial of substitution by a timely Rule 59(e) motion.

### Rule 25(a)

Rule 25(a) authorizes a motion for substitution to be made by a representative of the deceased party when the claim is not extinguished by death. Rule 25(a) was amended to its present form in 1963.[8] The amendments made were intended to liberalize the Rule and to allow flexibility in substitution of parties. *Rende v. Kay*, 134 U.S.App.D.C. 403, 415 F.2d 983 (1969). However, even though the most liberal construction of the Rule would not permit substitution of a party's attorney who did not have status as a legal representative of the deceased party's estate, *Rende v. Kay*, *supra*, there is no question but that a timely motion brought by the Administratrix of a deceased party is within the terms of the Rule's operation. To the extent therefore that the district court denied the first motion made by Boggs' attorney which did not name Boggs' Administratrix as the movant, no error occurred. *See Rende, supra.* However, the district court did err in denying the second motion which did name Rosalie Peterson as the Administratrix and moving party to be substituted and which was brought within the Rule's 90-day time limit.

7. *Polara v. Trans World, Ins.*, 284 F.2d 34, 37 (2d Cir. 1960), and cases cited in Moore, *supra* at ¶ 204.12[5], n.2.

8. Fed.R.Civ.P. 25(a)(1) in pertinent part reads:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by . . . the . . . . representatives of the deceased party . . . . .

■ Dravo concedes that the Administratrix was entitled to appeal the denial of a motion seeking substitution.[9] Yet, Dravo argues that the Rule 59(e) motion filed by the Administratrix could not terminate the running of time for appeal, even though no such contention could have been made had it been Boggs himself who had filed a Rule 59(e) motion. We know of no authority supporting Dravo's position, nor does logic lead to such a result.

As we read App. Rule 4(a) and Federal Rules of Civil Procedure 59(e) and 25(a), a purported representative of a deceased party whose motion for substitution has been denied, may terminate the running of the time for filing a notice of appeal by a timely motion made under Rule 59(e). Here, Boggs' Administratrix moved under Rule 25(a) to be substituted in Boggs' stead as party plaintiff. That motion was denied. Within the applicable time period she moved under Rule 59(e) to alter or amend that order. In our view, the filing of the Rule 59(e) motion terminated the running of the time for appeal. The denial of the Rule 59(e) motion on April 16, 1975, started the time for appeal running once again. On May 14, 1975, pursuant to App. Rule 4(a) and within 30 days, the Administratrix's notice of appeal was filed. We have jurisdiction under 28 U.S.C. § 1291.

### III.

■ While the order denying the Administratrix's motion for substitution and dismissing the action is not entirely clear, it appears that the district court decided that Boggs' action for maintenance and cure abated upon his death. The district court then apparently concluded that there was no need to substitute a party plaintiff in an action which it held was extinguished by the death of the plaintiff. We cannot agree with the district court's actions.

A seaman's right to maintenance and cure stems from the nature of his contract of employment with the vessel. *Cox v. Dravo*, 517 F.2d 620 (3d Cir. 1975) (*en banc*). Since the right to maintenance and cure arises out of the employment contract, an action for accrued maintenance and cure survives the death of the seaman. *Kernan v. American Dredging Co.*, 355 U.S. 426, 430, n.4, 78 S.Ct. 394, 397, 2 L.Ed.2d 382, 387 (1958); *Sperbeck v. A. L. Burbank & Co.*, 190 F.2d 449 (2d Cir. 1951). If the seaman dies prior to filing an action for claimed maintenance and cure, his legal representative may thereafter commence and prosecute such an action. If, however, the seaman, having commenced an action for maintenance and cure, dies before his claim is adjudicated (as is the situation here), then his legal representative may be substituted for him in the action begun by the seaman. *See Cox v. Dravo, supra; Jordine v. Walling*, 185 F.2d 662 (3d Cir. 1950) (*en banc*).

Boggs' action for maintenance and cure brought prior to his death and pending upon his death, was not extinguished when he died. His legal representative, Rosalie Peterson, rightfully and timely sought to be substituted as party plaintiff in that action. The district court should not have dismissed the complaint on the grounds of abatement. Nor should the district court have denied the Administratrix's motion to be substituted as party plaintiff.

We will reverse and remand for further proceedings not inconsistent with this opinion.

**9.** Dravo's br. at 5.