889 F.2d 1441
 15 Fed.R.Serv.3d 546
 Will THURMAN, Jr., and Will Thurman Enterprises, Inc.,
Plaintiff-Appellee, Appellant,
v.
The FEDERAL DEPOSIT INSURANCE CORPORATION, as successor to
the Federal Savings & Loan Insurance Corporation, acting in
its limited capacity as Receiver for Continental Savings
Association, Defendant-Appellant, Appellee,
and
The Federal Deposit Insurance Corporation, as successor of
the Federal Savings & Loan Insurance Corporation,
in its corporate capacity,
Movant-Appellant, Appellee.
 No. 89-1170.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 29, 1989.
Rehearing and Rehearing En Banc Denied Jan. 22, 1990.
 
 Lee R. Larkin, Andrews & Kurth, Houston, Tex., for FDIC Receiver.
 Charles McDonald, Washington, D.C. and Robert I. Howell, Austin, Tex., for FDIC Corporate.
 Robert J. Kuhn and James D. Doyle, III, Austin, Tex., for plaintiff-appellee, appellant.
 Appeals From the United States District Court Western District of Texas.
 Before WISDOM, JOHNSON and HIGGINBOTHAM, Circuit Judges.
 PATRICK E. HIGGINBOTHAM, Circuit Judge:
 
 
 1
 * This appeal presented issues regarding intervention of right and of federal jurisdiction over suits removed from state court by the Federal Savings and Loan Insurance Corporation acting as the federally appointed receiver for state-chartered savings and loan associations. Before its submission, the Supreme Court, Congress, and another panel of this circuit eliminated any jurisdictional problems, leaving for our review only issues relating to the district court's denial of a motion to intervene by FSLIC in its corporate capacity. We reverse the district court's decision denying intervention and remand this case to the district court to allow FSLIC Corporate to continue the defense of the case by the proper post-trial motions and appeal. However, as a post-judgment intervenor, FSLIC will not be allowed to assert any federal defenses unique to its federal status.
 
 II
 
 2
 Continental Savings Association extended two loans to Will Thurman, Jr., and Thurman Enterprises, Inc. The loans were evidenced by two promissory notes, the first dated July 19, 1985, payable to CSA in the original principal amount of $8,243,800.00, and the second dated April 18, 1986, payable to CSA in the original principal amount of $575,160.80. These notes were secured by deeds of trust on real property and other security agreements in favor of CSA. Thurman and TEI filed Chapter 11 petitions in bankruptcy on July 1, 1986, in the United States Bankruptcy Court for the Western District of Texas. After CSA obtained permission from the bankruptcy court to foreclose, Thurman and TEI sued in state court seeking to enjoin Continental Savings Association from foreclosing and seeking actual and punitive damages for usury, breach of confidential relationship, duress, and fraud. Thurman and TEI also sought cancellation of the notes because the charge of interest was twice the maximum legal rate.
 
 
 3
 The case went to trial on September 12, 1988. On September 21, 1988, the state court entered a final judgment awarding Thurman and TEI the following:
 
 
 4
 (1) $7,493,518.86, three times the interest charged in excess of the maximum rate;
 
 
 5
 (2) $3,750,000.00, based on the jury's fraud findings ($750,000 actual and $3,000,000 punitive);
 
 
 6
 (3) forfeiture of all principal and interest due on the Thurman and TEI notes, and $552,405.89, which represented principal and interest previously paid by Thurman and TEI, based upon interest rate charged being twice the maximum rate; and
 
 
 7
 (4) $150,000.00 in attorneys' fees through the trial of the case.
 
 
 8
 On September 26, 1988, the Federal Home Loan Bank Board appointed FSLIC as receiver for CSA. At the same time, the FHLBB authorized the transfer of substantially all of the assets of CSA including the Thurman and TEI notes to a newly created federal savings institution, Continental Federal, in consideration of the assumption by Continental Federal of certain existing liabilities. This transaction was pursuant to an acquisition agreement between FSLIC Receiver and Continental Federal. The remaining assets of CSA were transferred to FSLIC Corporate.
 
 
 9
 On September 29, 1988, FSLIC Receiver removed the case to federal court. On October 5, 1988, Continental Federal assigned to FSLIC Corporate its interest in the Thurman and TEI notes, deeds of trust, and other security interests. That same day FSLIC Corporate filed a motion to intervene together with a proposed motion for new trial. No motion for new trial was filed by CSA or FSLIC Receiver.
 
 
 10
 Thurman and TEI filed a motion to remand on October 28, 1988. On November 4, 1988, FSLIC Receiver moved to dismiss the claims of Thurman and TEI based on North Mississippi Sav. and Loan Ass'n v. Hudspeth, 756 F.2d 1096 (5th Cir.1985), cert. denied, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986).
 
 
 11
 On November 29, 1988, the district court denied FSLIC Corporate's motion to intervene and denied its proposed motion for a new trial as moot. On December 8, 1988, FSLIC Corporate filed a motion to reconsider the November 29 order.
 
 
 12
 To avoid losing its right to appeal the denial of intervention because of the expiration of the 60-day appeal period after the denial of its motion for new trial,[1] FSLIC Corporate filed an emergency motion to vacate the November 29 order or, in the alternative, for an extension of time pursuant to Fed.R.App.P. 4(a)(5). By an order dated January 25, 1989, the district court granted FSLIC Corporate an extension to February 13, 1989, for filing a notice of appeal.
 
 
 13
 On January 31, 1989, the district court entered an order staying FSLIC Receiver's motion to dismiss pending the resolution of Coit Independent Joint Venture v. Federal Sav. and Loan Ins. Corp. in the Supreme Court, denying FSLIC Corporate's motion to reconsider, and denying the motion to remand filed by Thurman and TEI. FSLIC Corporate filed its notice of appeal on February 10, 1989; FSLIC Receiver filed its notice of appeal on February 13, 1989; and Thurman and TEI filed their joint notice of appeal on February 21, 1989.
 
 
 14
 After the district court's stay order of January 31, 1989, the Supreme Court decided Coit, --- U.S. ----, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101-73, Sec. 209, 103 Stat. 183, 216 (1989) (FIRREA) became law, and this court decided Triland Holdings & Co. v. Sunbelt Service Corp., 884 F.2d 205 (5th Cir.1989). In Triland Holdings we recognized that Coit and FIRREA give federal district courts jurisdiction over removed claims in cases when, as here, FSLIC is the federally appointed receiver of a state-chartered savings and loan. Id. at 207-08. We therefore limit our discussion to the two remaining issues which relate to the district court's denial of FSLIC Corporate's motion to intervene.
 
 III
 
 15
 FSLIC Corporate seeks to intervene solely to defend in a new trial the notes, and the liens securing the notes, against allegations by Thurman and TEI of fraud and usury. FSLIC Corporate does not seek to state a claim for payment of the notes, but requests that it be allowed to pursue non-judicial foreclosure. The district court denied intervention, a decision we review by an abuse of discretion standard. Lelsz v. Kavanaugh, 710 F.2d 1040, 1043 (5th Cir.1983).
 
 
 16
 A proposed intervenor under Fed.R.Civ.P. 24(a) must show that his application is timely, that he has an interest relating to the subject matter of the suit, that the disposition of the action may impair or impede his ability to protect that interest, and that his interest is inadequately represented by the parties. International Tank Terminals, Ltd. v. M/V Acadia Forest, 579 F.2d 964, 967 (5th Cir.1978).
 
 
 17
 The primary dispute is over FSLIC Corporate's interest in the notes, the subject matter of the suit. In its November 29, 1988, order the district court denied the motion to intervene, concluding that the claims on the notes had been waived by CSA, FSLIC Corporate's predecessor-in-interest, persuaded that CSA was required to counterclaim for enforcement of the notes by Tex.R.Civ.P. 97(a). In denying FSLIC Corporate's motion to reconsider the district court reaffirmed its earlier holding and added that the relief requested by FSLIC Corporate was barred because the grounds for relief were affirmative defenses or matters of avoidance required to be affirmatively pleaded by CSA under Tex.R.Civ.P. 94.
 
 
 18
 We disagree with the district court's ruling that CSA lost its right to collect on the notes by failing to counterclaim to collect the amounts due under the notes. Under Texas law when a borrower files an action attacking the collectibility of a secured debt the compulsory counterclaim rule does not require the secured party to counterclaim to collect on the debt if he has chosen to exercise his bargained for right to pursue extra-judicial foreclosure. This principle was first articulated in Kaspar v. Keller, 466 S.W.2d 326 (Tex.Civ.App.--Waco 1971, writ ref'd n.r.e.). Kaspar executed an installment deed of trust note to Keller as part consideration for the purchase of realty. Kaspar later sued Keller, alleging the purchase had been induced by fraud and requesting recision of the purchase transaction, recovery of a $75,000.00 down payment, and cancellation of the note. When Keller indicated his intention to foreclose under the power of sale in the deed of trust, Kaspar sought and obtained a temporary injunction. Keller answered but filed no counterclaim on the note. The case was tried to a jury which found that the sale had not been induced by fraud. With Kaspar's suit out of the way, Keller foreclosed on his collateral and credited the purchase price against the outstanding balance of Kaspar's note. Keller then sued Kaspar for the deficiency.
 
 
 19
 As a defense to the collection action, Kaspar asserted that Keller's claim under the note was barred by Tex.R.Civ.P. 97(a) because it was a compulsory counterclaim which should have been asserted in the prior action. Although the court noted that Keller's claim "undoubtedly meets the literal requirements of the Rule so as to constitute it, by its terms, a compulsory counterclaim," it refused to apply Rule 97(a) to bar the collection action. Id. at 328. The court recognized that "the power of sale in a deed of trust is a valuable contract right which 'cannot be impaired by any subsequent act of the mortgagor' " and that "[j]udicial foreclosure and foreclosure under the power of sale in a deed of trust are remedies which cannot be concurrently prosecuted" under Texas law. Id. (citations omitted). Kaspar's argument, the court reasoned, would have the effect of requiring Keller to forfeit his contractual rights by requiring Keller to elect judicial foreclosure in the previous suit to cancel the note, rather than pursuing extra-judicial foreclosure and a separate collection action following foreclosure to collect any deficiency. Id. The court concluded:
 
 
 20
 We adopt the logic of the trial court that the mortgagor should not be permitted to destroy or impair the mortgagee's contractual right to foreclosure under the power of sale by the simple expedient of instituting a suit, whether groundless or meritorious, thereby compelling the mortgagee to abandon the extra-judicial foreclosure which he had the right to elect, nullifying his election, and permitting the mortgagor to control the option as to remedies.
 
 
 21
 Rule 815, Texas Rules of Civil Procedure directs that 'these rules shall not be construed to enlarge or diminish any substantive rights or obligations of any parties to any civil action.' We agree with the trial court that Rule 97(a) is modified by this Rule, and yields to it in the present case. We agree also that since the mortgagee elected the remedy of a trustee's sale, his claim was not ripe for judicial action until the sale was completed and the amount of deficiency determined.
 
 
 22
 Id. at 329. Accord Stille v. Colborn, 740 S.W.2d 42, 44 (Tex.App.--San Antonio 1987, writ denied).
 
 
 23
 CSA bargained for and obtained the right to pursue the remedy of extra-judicial foreclosure. CSA had the bankruptcy court lift the stay and took steps to foreclose upon the properties securing the two promissory notes. Thurman and TEI then filed the state court action obtaining a temporary injunction enjoining that foreclosure and attacking the notes. Under Kaspar, CSA had the right, at that point, to refrain from filing a counterclaim and to wait until after a resolution of the claims of Thurman and TEI before foreclosing upon its collateral; Thurman and TEI could not force CSA to elect judicial foreclosure by filing a suit to cancel the notes.
 
 
 24
 We also disagree with the district court's ruling that all of the intervenor's proposed defenses were lost because they were not affirmatively pleaded by CSA. FSLIC Corporate's motion for a new trial asserts state law grounds which were properly asserted and not waived by CSA. FSLIC Corporate, then, at a minimum, has the right to request a new trial or to appeal based on the state law grounds preserved by CSA at trial. Consequently, the district court abused its discretion in finding that FSLIC Corporate did not have an interest in the subject matter of this case.
 
 
 25
 FSLIC Corporate also satisfies the three remaining requirements. The disposition of this action may impair FSLIC Corporate's ability to protect its interest in the notes. If there is no new trial or an appeal of the judgment of the state court, FSLIC Corporate's notes will be worthless since the state court cancelled all principal and interest obligations under the notes.
 
 
 26
 Thurman and TEI argue that FSLIC Corporate is per se adequately represented by FSLIC Receiver because they are both FSLIC. However, FSLIC Receiver and FSLIC Corporate are distinct governmental entities with separate functions. See Godwin v. Federal Sav. and Loan Ins. Corp., 806 F.2d 1290, 1291 n. 1 (5th Cir.1987). FSLIC Receiver is responsible for the orderly liquidation of defunct savings associations while FSLIC Corporate is responsible for the payment of accounts. Id. Consequently, FSLIC Corporate and FSLIC Receiver are not necessarily adequate representatives of the other's interest. Adequate representation must be determined on a case by case basis. In this case FSLIC Receiver currently has no interest in protecting the notes and their securing liens from the damage award since it assigned them to FSLIC Corporate. Although the judgment resulted in a large award against CSA, there are no assets in the receivership estate for FSLIC Receiver to protect. FSLIC Receiver, therefore, has no interest in pursuing a new trial motion or an appeal of the state court judgment.
 
 
 27
 Finally, FSLIC Corporate's motion to intervene was timely. FSLIC Corporate did not acquire an interest in the notes until after judgment and filed the motion the very day it acquired an interest in the notes. Although post-judgment intervention is only timely in unusual or compelling circumstances, Chase Manhattan Bank v. Corporacion Hotelera de Puerto Rico, 516 F.2d 1047, 1050 (1st Cir.1975), FSLIC Corporate's motion to intervene was timely, it being filed as soon as FSLIC Corporate acquired an interest in the litigation. See Stallworth v. Monsanto Co., 558 F.2d 257 (5th Cir.1977) (discussing the factors under which are considered when reviewing a district court's decision concerning timeliness).
 
 IV
 
 28
 In its proffered motion for a new trial FSLIC Corporate asserted not only state law grounds asserted by CSA, but also federal common law defenses available only to it such as the rule of estoppel announced in D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). These defenses were not enjoyed by CSA and were not waived by CSA's failure to plead them as affirmative defenses. Our question is whether they can be asserted by a post-judgment intervenor. This is a unique question since a post-judgment intervenor, postured as a successor-in-interest usually has no defenses unavailable to its predecessor-in-interest.
 
 
 29
 FSLIC Corporate relies on Federal Deposit Ins. Corp. v. Castle, 781 F.2d 1101 (5th Cir.1986), to argue that it should be allowed to raise its federal defenses as a post-judgment intervenor. In Castle a bank sued in state court to collect $2.75 million owing on a $5.5 million note from three guarantors. Before trial the FDIC became the receiver of the bank and sold the note to FDIC in its corporate capacity. The FDIC was substituted as the party plaintiff in state court proceedings later removed to federal district court. At trial the guarantors defended against the FDIC on the ground that the recitations of the loan documents, that the guarantors guaranteed the entire debt, did not reflect an oral agreement with the bank limiting the guaranty to 25% of the amount owed. The guarantors contended that they had signed blank guaranty agreements and that the bank had fraudulently filled in 100% instead of 25% in the blanks. We noted that "the goal of finality 'must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the case,' " id. at 1104 (quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir.1981)), and allowed the FDIC Corporate to raise its statutory D'Oench, Duhme defense, 12 U.S.C. Sec. 1823(e), for the first time in a Fed.R.Civ.P. 60(b) motion for relief from judgment.
 
 
 30
 FSLIC Corporate argues that Castle controls its right to assert its federal common law defenses upon intervention. FSLIC Corporate asks this court to treat its motion for a new trial or its brief in support of that motion (which was titled "Brief of Intervenor in Support of Its Motion for New Trial and Motion for Relief from Judgment") as a Rule 60(b) motion for relief from judgment insofar as they raise new federal defenses and to allow it to assert its federal defenses as FDIC Corporate did in Castle. FSLIC Corporate argues that if the FDIC can raise its D'Oench, Duhme defense in a Rule 60(b) motion, it should be allowed to raise its federal defenses now since, unlike FDIC Corporate, it filed a Rule 60(b) motion as soon as it was able.
 
 
 31
 In Bros Inc. v. W.E. Grace Mfg. Co., 320 F.2d 594, 606-07 (5th Cir.1963), we held that a Fed.R.Civ.P. 59 motion for a new trial was properly treated on appeal as a Rule 60(b) motion for relief from judgment, reasoning that the new trial motion was the substantial equivalent of a Rule 60(b) motion since it sought relief from the judgment even though it was improperly labeled. Although FSLIC Corporate seeks a new trial on state law grounds, it also seeks to urge its federal defenses, arguing that their application will nullify the damages awarded and the forfeiture of the notes. Further, their brief in support of the motion for a new trial expressly asserted that the motion for a new trial was also a request for relief from judgment. FSLIC Corporate's assertion of its federal defenses in its motion for a new trial, at least arguably, is properly treated as a motion for relief from judgment. As we will explain, we need not finally decide that we are reviewing a denied Rule 60 motion because we are not persuaded that the requested relief--assertion of new defenses unique to FSLIC Corporate--is available in any event.
 
 
 32
 In support of its right to assert new defenses FSLIC Corporate relies on Castle. However, in Castle FDIC Corporate was a party when the case was tried. FSLIC Corporate was not. In Castle we concluded in a close case that substantial interests in finality were outweighed by the equity of obtaining a just result. While a just result inquiry arguably begs the question of new defenses versus finality, we allowed FDIC Corporate to assert its clearly applicable D'Oench, Duhme defense so that the judgment might reflect the "true merits" of the case. However, even assuming a similar role for D'Oench, Duhme in this case, we are persuaded of a different outcome. Where the party asserting new defenses is a post-judgment intervenor, and the newly proffered defense would not have changed the outcome of the case as it was tried, there is little to justify the upset of the judgment. In this weighing of interests we do no violence to the policies behind D'Oench, Duhme. The parties to the suit at trial were the parties to the transaction. The difficulties attending a receiver's finding that notes in the case are subject to unrecorded agreements were absent. See Grubb v. Federal Deposit Ins. Corp., 868 F.2d 1151, 1159 (10th Cir.1989). Nor are we unmindful that our approach creates a disincentive to gamble on a verdict while holding a D'Oench, Duhme trump card. Despite the curious timing of events we do not rest our ruling on a view that in this case the FSLIC so timed its move, because, in any event, refusing the new and unique defense works no unjust result here. It is true that FSLIC Corporate was more diligent in asserting its federal defenses than was FDIC Corporate, but the fact remains that when final judgment was rendered below, five days before the receivership was created, no party to the case could have asserted these defenses. Accordingly, we affirm the district court's refusal to allow FSLIC Corporate to intervene to assert its new and unique defenses.
 
 V
 
 33
 Thurman and TEI contend that FSLIC Corporate's appeal in this case was untimely because the 60-day appeal period was never tolled by FSLIC Corporate's motion for a new trial, and that, consequently, the district court could not grant FSLIC Corporate's motion to extend the time to file its notice of appeal because it was not brought within 30 days after the expiration of the 60-day period as required by Fed.R.App.P. 4(a)(5). They contend first that FSLIC Corporate's motion for a new trial did not toll the running of the 60-day appeal period because the motion was only a "proposed" motion which never became an effective pleading due to the denial of intervention. They also argue that an intervenor whose motion to intervene is denied is not a "party" under Fed.R.App.P. 4(a)(4) who can toll the 60-day period.
 
 
 34
 These arguments are meritless. A timely motion for a new trial is sufficient under Appellate Rule 4(a)(4) to stop the running of the appeal period if filed by a person later determined to have been improperly denied party status. See Boggs v. Dravo Corp., 532 F.2d 897 (3d Cir.1976); Wolpe v. Poretsky, 144 F.2d 505 (D.C.Cir.1944). We are persuaded that the district court should have granted FSLIC Corporate's motion to intervene. It follows that the extension of time was sufficient to preserve FSLIC Corporate's right to appeal.
 
 VI
 
 35
 In sum, we hold that the district court improperly denied FSLIC Corporate's motion to intervene to pursue the defense earlier conducted by CSA, but we affirm its denial of intervention to assert new defenses unique to its federal status. We also deny FSLIC Receiver's motion to dismiss and Thurman's and TEI's motion to remand as moot.
 
 
 36
 AFFIRMED in part and REVERSED in part and REMANDED.
 
 
 
 [1]
 Under Fed.R.App.P. 4(a)(4) the time for filing a notice of appeal does not start to run until the district court denies the motion for a new trial. From that date FSLIC Corporate, as a government agency, has 60 days to file a notice of appeal. See Fed.R.App.P. 4(a)(1); Federal Deposit Ins. Corp. v. Castle, 781 F.2d 1101, 1103 n. 1 (5th Cir.1986)