919 F.2d 335
 UNION FEDERAL BANK OF INDIANAPOLIS, Plaintiff-Appellee,
v.
William A. MINYARD, III, et al., Defendants-Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for
Arsenal Savings Association, F.A., Counter
Defendant-Appellee.
 No. 90-2341
 Summary Calendar.
United States Court of Appeals,
Fifth Circuit.
 Dec. 18, 1990.
Rehearing Denied Feb. 26, 1991.
 
 Bill Boyd, Boyd, Veigel & Hance, McKinney, Tex., for defendants-appellants.
 Christopher Lyle Daines, Kevin H. George, Eikenburg & Stiles, Houston, Tex., for plaintiff-appellee.
 Scott Douglas Cunningham, Brown & Fowler, Houston, Tex., for counter defendant-appellant.
 Appeal from the United States District Court for the Southern District of Texas.
 Before GEE, SMITH, and WIENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Today's appeal arises from the foreclosure of property on which a Texas joint venture had, in palmier times, proposed to erect a shopping center. The venturers had guaranteed payment of the purchase money note in various individual percentages, and the transferee holder of the note recovered judgments against them in a state court trial. In that trial, the venturers contended unsuccessfully that the holder was seeking to recover interest of them at usurious rates, though not that the loan documents themselves specified such rates.
 
 
 2
 Subsequent to the entry of judgment, the holder was declared insolvent; and first the FSLIC, and later the FDIC, was appointed receiver and substituted as counter-defendant in this case. FSLIC had removed the case after judgment but while the venturers' motion for new trial was pending. The federal court overruled that motion and, in essence, re-entered the state judgment as its own.
 
 
 3
 As the FDIC had neither opportunity nor occasion to assert the D'Oench doctrine[1] in the trial court, we will entertain its assertion here. See FDIC v. Castle, 781 F.2d 1101 (5th Cir.1986). Under it, and because the venturers' attempt to base a usury claim on pleading contentions is perforce not one reflected in the lender's records, it is therefore of no use--offensive or defensive--against the FDIC. Beighley v. FDIC, 868 F.2d 776 (5th Cir.1989).
 
 
 4
 As for the claim against Union Federal Savings Bank, the assignee of the note, no serious attempt is made by the appellants to assert that, as takers from one which held "at least holder in due course status,"[2] its rights were less than those of its assignor. Various other reasons support the judgments of the trial court; but, as those recited suffice to do so, we write no further.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 D'Oench, Duhme v. FDIC, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942)
 
 
 [2]
 FSLIC v. Murray, 853 F.2d 1251, 1256 (5th Cir.1988)