977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Joan Marie AMES, Debtor.
Michael AMES; Mariann Ames; Mark Allen Ames; Annemarie
Ames; Daniel Ames; Joan Marie Ames; Ames
Children Trust, et al., Appellants,
v.
Harley ADAMSON, Trustee; Howard A. Otis, Appellees.
 Nos. 91-36110, 91-36339.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1992.*
Decided Sept. 29, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal involves a partial final judgment issued in a Chapter 7 bankruptcy proceeding that authorized the sale of the Ames' family home (Tract F). Joan Ames appealed that judgment, but the Bankruptcy Appellate Panel dismissed her appeal as untimely. She appeals that dismissal.
 
 
 3
 In 1986, Joan Ames filed a bankruptcy petition. In December 1990, the bankruptcy court issued a final order permitting the sale of Tract F free and clear. The court determined that Joan and her children had an inferior interest in the property to that of the bankruptcy trustee. No appeal having been taken from the December order, the bankruptcy court issued a partial final judgment on January 25, 1991, authorizing the sale of Tract F.
 
 
 4
 Because Patrick Ames, one of the Ames children, was incarcerated and unrepresented at the time of the December hearing, the court severed his claim from that of the other children and Joan. When he failed timely to answer the complaint, the bankruptcy court entered a default judgment against him on January 28, 1991. Patrick's appeal from the default judgment is pending.[1]
 
 
 5
 Bankruptcy Rule 8002(a) requires that a notice of appeal be filed "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Joan had until February 4, 1991, to appeal the January 25, 1991, judgment. She did not meet that deadline.[2]
 
 
 6
 Under subsection (b), however, if any party files a timely motion (1) for judgment notwithstanding the verdict,[3] (2) to amend or make additional findings of fact, (3) to alter or amend the judgment, or (4) for a new trial, the time for appeal for all parties runs from the entry of the order denying a new trial or granting or denying any other such motions.
 
 
 7
 Following the judgment, on January 28, 1991, Joan filed pro se a "motion to disregard". Her son, Patrick, also filed a series of pro se motions. Prior to the court's judgment, on January 18, 1991, he filed a motion for judgment notwithstanding the verdict.[4] Following the judgment, on February 4, 1991, he mailed a motion for reconsideration.[5] The bankruptcy court denied these motions on February 13, 1991.
 
 
 8
 Joan argues that the time for filing a notice of appeal of the January 25, 1991, judgment was tolled by: (1) her motion to disregard, (2) Patrick's motion for judgment notwithstanding the verdict, or (3) Patrick's motion for reconsideration. She contends that she had until February 25, 1991, to file her notice of appeal.[6]
 
 
 9
 * Because Joan filed her "motion to disregard" pro se, she argues that it should be liberally construed and treated as a motion for reconsideration. A motion for reconsideration is "a motion to alter or amend the judgment .. [and] its filing extends the ordinary time limitation for appeal." In re Branding Iron Steak House, 536 F.2d 299, 301 (9th Cir.1976).
 
 
 10
 Even liberally construed, her motion is not one for reconsideration. In her supporting memorandum, she asks the court to "disregard this bankruptcy as it has not fulfilled what it was intended to do for me. It must be disregarded and/or dismissed."
 
 
 11
 Her motion is more appropriately treated as a motion for voluntary dismissal. Whether we accept her motion as a "motion to disregard" or construe it as one for voluntary dismissal is of no consequence. Neither tolls the time to file a notice of appeal under Rule 8002(b).
 
 II
 
 12
 Joan also contends that the court should treat Patrick's motion for judgment notwithstanding the verdict as a motion for reconsideration that tolls the time to file a notice of appeal. In the alternative, she urges that his motion for reconsideration should toll the time to file a notice of appeal.
 
 
 13
 She argues that Patrick is "any party" within the meaning of Rule 8002(b). She relies on Boggs v. Dravo, 532 F.2d 897, 900 (3d Cir.1976), for the proposition that the term "party" should not restrict who may bring a motion. In Boggs, the Third Circuit allowed "a timely motion brought by the Administratrix of a deceased party [to] terminate the running of the time for filing a notice of appeal." Id. at 900-901. The court also noted that the Administratrix had previously filed a motion for substitution.
 
 
 14
 Patrick's role in this appeal is far different from that of the administratrix in Boggs. In his December 3, 1990, letter to the bankruptcy judge, he requested that the court sever him from the case. The judge granted that request on December 17, so Patrick was not a party to the partial final judgment of January 25, 1991.
 
 
 15
 "Each party [is] responsible for complying with procedural requirements" because each cause of action has a separate identity. Stacey v. Charles J. Rogers, Inc., 756 F.2d 440, 442 (6th Cir.1985). Joan may not rely on either of Patrick's motions to toll the time to file a notice of appeal. Parks v. United States Life & Credit Corp., 677 F.2d 838 (11th Cir.1982).
 
 
 16
 Neither Joan's motion to disregard nor Patrick's motions for judgment notwithstanding the verdict and reconsideration tolled the time to file a notice of appeal. The court entered the final partial judgment on January 25, 1991. Joan failed to file a notice of appeal of that judgment until February 25, 1991, long after the 10 day period had expired. The Bankruptcy Appellate Panel correctly dismissed her appeal.
 
 
 17
 Because we find that Joan's appeal to the Bankruptcy Appellate Panel was untimely, we need not consider whether her appeal was moot.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 CA No. 92-36588
 
 
 [2]
 Joan initially filed a notice of appeal of the January 28, 1991, judgment on February 7, 1991. Next, she filed a notice of appeal of the same judgment on February 14, 1991. Finally, she filed a notice of appeal of the January 25, 1991, judgment on February 25, 1991
 
 
 [3]
 Subsection (b)(1) was not deleted until August 1, 1991
 
 
 [4]
 Although a motion for judgment notwithstanding the verdict was not technically applicable at this time, Bankruptcy Rule 8002(b)(1) was not deleted until August 1, 1991
 
 
 [5]
 A prisoner's pleading is considered filed on the same day it is mailed. Huston v. Lack, 487 U.S. 266, 276 (1988). Patrick Ames' motion for reconsideration is considered filed on February 4, 1991
 
 
 [6]
 The tenth day after February 13, 1991, was Saturday, February 23, 1991