United States Court of Appeals,

Fifth Circuit.

No. 93-2144.

Harry LEMAIRE, et al., Plaintiffs,

Hilmar R. Zeissig, et al., Plaintiffs-Appellants, Cross-Appellees,

v.

The FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for MBank Abilene, N.A., Defendant-Appellee, Cross-Appellant,

and

The Deposit Insurance Bridge Bank, N.A., Intervenor-Defendant, Appellee-Cross-Appellant.

May 17, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before GOLDBERG, DAVIS and DeMOSS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Hilmar Zeissig, Deiter Scherfenberg and Bert Scales appeal the district court's order adopting the Texas Court of Appeal's judgment reversing most of the state trial court's judgment in Appellants' favor. Because all of Appellants' claims are barred by the *D'Oench Duhme* doctrine, we affirm that portion of the district court judgment denying Appellants recovery on their underlying claims and reverse the district court's grant of attorneys' fees.

I.

This appeal grows out of a lender liability action against MBank Abilene ("MBank"), formerly known as Abilene National Bank ("ANB"), for breach of an oral loan promise. Harry Lemaire and

1

Richard Patton originally brought suit in Texas state district court in 1984, and Appellants Zeissig, Scherfenberg and Scales ("Appellants") later joined the suit as plaintiffs.

The petition alleged that in 1982, Don Earney, ANB's chief executive officer, chairman of the board, and majority stockholder, orally promised to loan $3 million to Lingen Energy Corporation, an entity owned by Lemaire, Patton and Appellants. Lingen intended to use the loan to finance its oil and gas drilling program. ANB never funded the loan, and Lingen ultimately failed because it was unable to finance its drilling program.

In 1986, after a five week trial, the trial court submitted the case to the jury on theories of breach of contract, promissory estoppel, fraud, tortious interference with business relations, defamation, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). The jury returned a verdict for the plaintiffs, and the trial court rendered a judgment on the verdict against MBank for approximately $69 million. MBank then appealed to the Texas Court of Appeals for the Fourteenth District.

On April 6, 1989, the Texas Court of Appeals rendered its judgment. With respect to Appellants, the court reversed and rendered take nothing judgments on the breach of contract claims; it also reversed and remanded for retrial the fraud and tortious interference claims,[1] and reversed and remanded for retrial one DTPA claim but reversed and rendered take nothing judgments on the

_____

[1]The court rendered a take nothing judgment on Scales' fraud claim.

2

remaining DTPA claims.[2] The court also affirmed the trial court's award of attorneys' fees to all plaintiffs. Thus, the only portion of the Appellants' judgment that remained intact after the Texas Court of Appeals decision was the attorneys' fees award. The remainder of the judgment was either reversed outright or vacated and remanded for retrial.

On March 28, 1989, nine days before the Texas Court of Appeals rendered its judgment, MBank failed, and the FDIC was appointed receiver. On April 20, the FDIC filed a Notice of Substitution and removed the case to federal court.

Ultimately, on January 19, 1993, the district court adopted as its own judgment the judgment of the Texas Court of Appeals.[3] Thereafter, Patton and Lemaire settled their claims against the FDIC.[4] Appellants filed this appeal, seeking to reinstate their fraud and breach of contract recoveries. The FDIC, as cross-appellant, seeks to set aside the attorneys' fees awards.

## II.

The FDIC argues for the first time on appeal that Appellants' claims are barred by the doctrine of *D'Oench Duhme & Co. v. Federal*

---

[2]The court affirmed Patton and Lemaire's recovery under a theory of promissory estoppel, reversed and remanded their fraud and tortious interference claims, reversed and rendered take nothing judgment on their defamation claim, and reversed and remanded two DTPA claims but rendered a take nothing judgment on the remaining DTPA claims.

[3]The district court followed the procedure for cases that are removed from state courts of appeal adopted in *In re Meyerland Co.,* 960 F.2d 512 (5th Cir.1992) (en banc).

[4]The terms of this settlement are not on the record nor are they relevant to this appeal.

*Deposit Insurance Corp.,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) and that doctrine's codification in 12 U.S.C. § 1823.[5] This court generally will not hear arguments not raised first in the district court. *U.S. v. Villarreal,* 920 F.2d 1218, 1222 (5th Cir.1991). However, if "the FDIC had neither opportunity nor occasion to assert the *D'Oench* doctrine in the trial court," we will ordinarily consider this argument on appeal. *Union Fed. Bank of Indianapolis v. Minyard,* 919 F.2d 335, 336 (5th Cir.1990).

We have held that the *D'Oench Duhme* doctrine may be raised for the first time on appeal "in circumstances where the FDIC succeeds to the bank's interest in a judgment in the bank's favor which the promisor seeks to avoid based on an oral understanding." *FDIC v. Hadid,* 947 F.2d 1153, 1157 (4th Cir.1991) (policy behind *D'Oench Duhme* would be frustrated if the FDIC could not defend against an attack made to overturn a judgment favorable to the bank based on an oral understanding); *McMillan v. MBank Fort Worth, N.A.,* 4 F.3d 362, 368 (5th Cir.1993) (FDIC-Receiver can raise defense for first time on appeal when it is urging the affirmance of a favorable judgment that it inherited as an asset when it became Receiver);

---

[5]Appellants argue that § 1823(e) does not apply in this action because at the time this litigation was reduced to judgment and at the time the Bank failed, § 1823(e) did not apply to the FDIC acting in its capacity as receiver. The statute was amended to include the FDIC as receiver in August, 1989. See Financial Institutions Reform, Recovery, and Enforcement Act, Pub.L. No. 101-73, 103 Stat. 183. However, we need not consider whether the statute applies retroactively because we have long held that both the statutory and common law doctrines bar similar defenses and claims. See *Resolution Trust Corp. v. Camp,* 965 F.2d 25, 31 (5th Cir.1992); *Kilpatrick v. Riddle,* 907 F.2d 1523, 1526 n. 4 (5th Cir.1990), *cert. denied,* 498 U.S. 1083, 111 S.Ct. 954, 112 L.Ed.2d 1042 (1991).

*In re 5300 Memorial Investors, Ltd.,* 973 F.2d 1160, 1164 (5th Cir.1992) (same). Here, the FDIC is seeking an affirmance of the Texas Court of Appeals judgment that favors the failed institution on the merits.

Appellants argue that when federal regulators are appointed after entry of judgment, they are not allowed to assert *D'Oench Duhme* for the first time on appeal. *Thurman v. FDIC,* 889 F.2d 1441, 1447 (5th Cir.1989). In *Thurman,* the FSLIC, in its corporate capacity, was assigned promissory notes by the FSLIC-Receiver after a final judgment forfeiting the notes had been rendered in the trial court. *Id.* at 1443. This court did not allow the FSLIC, in its corporate capacity, to raise *D'Oench Duhme* on appeal as a post-judgment intervenor because the assets were void prior to the receivership. The new defense would not have changed the outcome of the case as it was tried. *Id.* at 1447.

Here, however, the FDIC does not seek to enforce an asset that became void before the appointment of the FDIC as receiver. Instead, the FDIC seeks to defend from Appellants' attack the Texas Court of Appeals judgment adopted by the district court. Appellants' reliance on *Thurman* is misplaced. While this court in *Thurman* refused to permit the FDIC to raise *D'Oench Duhme* for the first time on appeal to reverse a judgment that rendered assets void, we do allow the FDIC to raise the doctrine on appeal to defend against an attack on a judgment.[6]

---

[6]The Eleventh Circuit has even allowed the RTC to raise *D'Oench Duhme* for the first time on appeal to attempt to reverse a trial court judgment. The court held that because the RTC was

5

Appellants had no vested right in the state trial court judgment because it was subject to appeal and, as it turns out, most of it was reversed outright and the remainder was vacated and remanded. The FDIC did not have an opportunity in the trial court to present its defense against the plaintiffs' attempt to enforce an oral agreement. This is the FDIC's first opportunity to present the *D'Oench Duhme* defense and it does so as an alternative ground to affirm the judgment in the bank's favor. We conclude, therefore, that the FDIC is entitled to assert its rights under *D'Oench Duhme.*

## III.

Under the *D'Oench Duhme* doctrine, a party cannot rely on an oral agreement between the bank's customer and the bank as the basis for defenses or claims against the FDIC. It is uncontroverted that the claims in this suit are predicated on Earney's oral promise to loan Appellants $3 million. The oral promise was never put in writing. *D'Oench Duhme* renders such a promise unenforceable. *Bowen v. FDIC,* 915 F.2d 1013 (5th Cir.1990) (oral promise to make a loan not enforceable against the FDIC); *Beighley v. FDIC,* 868 F.2d 776 (5th Cir.1989) (same).

Appellants argue that *D'Oench Duhme* does not apply because at the time MBank failed and the FDIC was appointed receiver, examination of MBank's records would have revealed a judgment

---

not a party to the suit when the case was tried, it should not be penalized for not raising a defense it had no opportunity to present. *Baumann v. Savers Federal Sav. & Loan Assoc.,* 934 F.2d 1506 (11th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1936, 118 L.Ed.2d 543 (1992).

6

liability. Thus, Appellants argue that the FDIC would not have been misled as to the value of any assets or liabilities of the failed institution.

However, whether the regulator had actual knowledge is not relevant. The Supreme Court has expressly rejected the argument that the receiver's knowledge renders *D'Oench Duhme* inapplicable:

> Harm to the FDIC ... is not avoided by knowledge at the time of acquiring the note. The FDIC is an insurer of the bank, and is liable for the depositors' insured loss whether or not it decides to acquire the note. The harm to the FDIC caused by the failure to record occurs no later than the time at which it conducts its first bank examination that is unable to detect the unrecorded agreement and to prompt the invocation of available measures, including termination of the bank's deposit insurance.

*Langley v. FDIC,* 484 U.S. 86, 94-95, 108 S.Ct. 396, 403, 98 L.Ed.2d 340 (1987). In applying *D'Oench Duhme,* the relevant inquiry is whether the individual or institution lent itself to a transaction that is likely to mislead banking authorities. *McMillan v. MBank Fort Worth, N.A.,* 4 F.3d at 368 n. 12. The focus is on the transaction between the bank and the borrower, not on the knowledge of the FDIC.

*D'Oench Duhme* is meant to ensure more than just that the bank's records are reliable. A second purpose is to "ensure mature consideration of unusual loan transactions by senior bank officials, and prevent fraudulent insertion of new terms, with the collusion of bank employees, when a bank appears headed for failure." *Langley,* 484 U.S. at 91-92, 108 S.Ct. at 401. If the transaction is not properly examined and recorded, *D'Oench Duhme* applies. *McMillan,* 4 F.3d at 368.

7

Earney's oral promise to make a loan was never recorded or properly examined. Therefore, the appellants' claims are all barred by *D'Oench Duhme.*

Because all of Appellants underlying claims are barred, the award of attorney fees must be reversed. Attorney fees are not recoverable by parties who do not prevail on their cause of action. *Jay-Lor Textiles, Inc. v. Pacific Compress Warehouse Co.,* 547 S.W.2d 738, 743 (Tex.Civ.App.1977, writ ref'd n.r.e.).

IV.

In summary, a bank customer ordinarily cannot prevail against the FDIC on the basis of an oral promise made by the failed bank's officer. Our precedent simply does not support Appellants' contention that because MBank failed while their suit was on appeal, government regulators cannot raise *D'Oench Duhme* defenses.

We therefore AFFIRM that portion of the district court judgment denying Appellants recovery on their underlying claims and REVERSE the district court judgment awarding Appellants recovery of attorneys' fees.[7]

AFFIRMED IN PART, REVERSED IN PART.

---

[7]Although the Texas Court of Appeals remanded a number of claims for trial, our conclusion that *D'Oench Duhme* bars Appellant's claims makes remand unnecessary.