

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2004

# Adefumi v. Phila Free Library

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4486

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Adefumi v. Phila Free Library" (2004). *2004 Decisions.* Paper 181.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/181

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-4486

———————

OLANIYAN ADEFUMI,

Appellant

v.

PHILADELPHIA FREE LIBRARY

———————————————

—————————On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 01-05565)
Honorable Eduardo C. Robreno, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
October 29, 2004

BEFORE:  SCIRICA, Chief Judge, and FISHER and GREENBERG, Circuit Judges

————————————————(Filed: October 29, 2004)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

        This matter comes on before this court on Olaniyan Adefumi's appeal from an

order for summary judgment entered on July 17, 2003, in this action in which he alleged

unlawful termination, discriminatory termination, retaliatory termination, and existence of an unlawful hostile work environment contrary to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The district court set forth the background of the matter in its comprehensive memorandum opinion. After our plenary review of this matter, see Kopec v. Tate, 361 F.3d 772, 775 (3d Cir. 2004), petition for cert. filed (July 19, 2004) (No. 04-112), we have concluded that the district court was correct and ordinarily we might affirm without further discussion.

We, however, do discuss one point that does not involve the merits of the case. The appellee, City of Philadelphia, Free Library ("City"), contends that Adefumi's appeal is untimely and thus we do not have jurisdiction and must dismiss the appeal, citing Boggs v. Dravo Corp., 532 F.2d 897, 899 (3d Cir. 1976). At the same time the City recognizes that if the district court properly extended the time for the appeal and Adefumi appealed within that period we would have jurisdiction.

As we have indicated, the judgment was entered on July 17, 2003. Adefumi did not appeal within 30 days of that judgment as required by Fed. R. App. P. 4(a)(1) but instead filed a timely motion under Fed. R. App. P. 4(a)(5) for extension of the time to appeal on August 22, 2003, predicated on his attorney's health problems which he asserted interfered with the filing of the appeal. The district court granted the motion over the City's objection on November 13, 2003, extending the time to appeal until

2

November 24, 2003.  Adefumi then appealed on November 17, 2003.

The City does not contend that in a chronological sense the time for the appeal was not extended properly nor does it contend that Adefumi did not appeal within the time to appeal as extended.  It does contend, however, that the appeal "should be quashed as untimely because the district court abused its discretion by extending the time to appeal after it had expired."  Appellee's br. at 13.  But we will not entertain this argument as the City has not appealed from the November 13, 2003 extension order, nor has it moved to dismiss the appeal.  In Amatangelo v. Borough of Donora, 212 F.3d 776, 780 (3d Cir. 2000), another case in which the district court extended the time for appeal, we indicated that though "we [were] tempted to do so . . . we [would] not dismiss the appeal because the appellees did not appeal from the order granting the extension of time to appeal [and we could not] treat their motions to quash as notices of appeal, as they filed the motions beyond the time to appeal from the order for the extension of the time to appeal."

The City's position with respect to dismissal of the appeal is even weaker than that of the appellees in Amatangelo as it, too, has not appealed from the extension order, and, moreover, unlike the appellees in Amatangelo, never has moved to quash the appeal.  Thus, the only document that the City has filed that we possibly could regard as an appeal from the extension order is its brief filed in this court on June 30, 2004.  But if we treated the brief as a notice of appeal from the November 13, 2003 order it would not be timely even if we could measure the time for the City to appeal from November 17, 2003, when

Adefumi appealed, from November 13, 2003, when the court extended the time to appeal. Finally, we point out that if we reviewed the extension order on our own initiative on the ground that our jurisdiction is in issue, see Gerardi v. Pelullo, 16 F.3d 1363, 1368 (3d Cir. 1994), our result would not be different as it does not seem to us that the district court erred in its interpretation and application of Rule 4(a)(5), nor did it abuse its discretion in entering its order granting the extension for the time for the appeal. See Consolidated Freightways Corp. v. Larson, 827 F.2d 916, 918 (3d Cir. 1987).

The order of July 17, 2003, will be affirmed.

———————