**SOUTHLAND LIFE INS. CO. v. STONE et al.**

**No. 12294.**

Court of Civil Appeals of Texas. Dallas.

Jan. 8, 1938.

Seay, Malone & Lipscomb, of Dallas, for appellant.

Lyle Saxon, J. E. Burkholder, and Jake Newberry, all of Dallas, for appellees.

BOND, Chief Justice.

Appellant, Southland Life Insurance Company, was the owner and holder of a note for $8,500, originally executed by Thomas E. Bowers et ux., and secured by a first deed of trust lien against a house and lot situated in the city of Dallas. Appellee, M. P. Stone, purchased the property and assumed payment of the note. The note bore interest at the rate of 6½ per cent. per annum, payable semiannually as it accrues, and 10 per cent. after maturity, and provided for acceleration of maturity in default of payment of interest or any installment when due, and the payment of the usual 10 per cent. attorney fees.

Appellee, Stone, being delinquent in the payment of interest and installments, appellant, on November 9, 1934, exercised the option given in the note and deed of trust to declare the entire debt due, and, under the terms of the deed of trust, caused notices of trustee's sale to be posted, advertising the property for sale on the first Tuesday in December, 1934, same being December 4th of said year. On November 30, 1934, appellee, Stone, by petition, secured from the judge of a district court of Dallas county an ex parte temporary restraining order, effectively enjoining the sale of such property until a hearing could be had for a temporary injunction. As a condition precedent to the effectiveness of the restraining order, a statutory bond in the penal sum of $500 was required. Such bond, with M. P. Stone as principal, J. Nichols, Robert H. Millwee, A. C. Sloan, and M. K. McCullough, as sureties, was posted, and the restraining writ duly issued, thus preventing the foreclosure sale, as advertised, for December 4, 1934, and causing appellant to again post notices of sale for January 1, 1935.

On hearing of the application for temporary injunction, the trial judge refused to grant the injunction and declared the restraining order of November 30, 1934, of no further effect. The applicant, Stone, however, gave notice of appeal, applied for and was granted an order staying the sale of said property, as advertised for January 1, 1935, pending the appeal, conditioned upon the posting of a statutory bond in the sum of $1,000. Such a bond, with the same principal and sureties as on the former bond, was forthwith posted, and the writ is-

sued, enjoining the trustee's sale of the property. The appeal was perfected to this court and, in equalizing the dockets of the various Courts of Civil Appeals, our Supreme Court transferred the cause to the Court of Civil Appeals at Eastland. The Eastland court affirmed the judgment of the trial court, and the Supreme Court refused a writ of error. The judgment became final on May 22, 1935. The present suit is a sequel to the prior proceedings, and a résumé of those proceedings recited in Stone v. Watt et al., Tex.Civ.App., 81 S. W.2d 552, will tend to a better understanding of this suit.

On June 8, 1935, appellant again caused notices of trustee's sale to be posted and at the sale, held on July 2, 1935, it became the purchaser of said property upon a bid of $6,500. On that date, there was owing by appellee, Stone, upon the note held by appellant, $9,651.54, as principal and interest, and $965.15 as attorney fees, or a total of $10,616.69. The evidence is uncontroverted that the value of the property had not depreciated between the time the sale was prevented by the injunctions and the sale on July 2, 1935.

Appellant, Southland Life Insurance Company, after allowing the credit of $6,-500, instituted this suit against M. P. Stone for the deficiency debt of $4,116.69, as of date July 2, 1935, with 10 per cent. interest; and against Stone and the sureties on the two injunction bonds for damages arising from the wrongful injunctions. The elements of damage claimed by appellant was the reasonable rental value of the property from the date the property would have been sold, December 4, 1934, to January 1, 1935, and from January 1, 1935, to July 2, 1935, respectively, the two periods of time effectively caused by the injunctions; and, in the alternative, for interest on the value of said property, to wit, $6,500, at the rate of 6 per cent. per annum during such periods of delay; in either event, the amount recovered to be credited upon the debt of the appellee, Stone.

The cause was submitted to the court, without a jury, and judgment rendered in favor of appellant and against appellee, M. P. Stone, for the balance owing on the note, plus interest thereon at the rate of 10 per cent. from July 2, 1935, up to the date of judgment (March 23, 1936) and 6 per cent. thereafter on the judgment, until paid; and against appellant on his claim for damages arising from the injunction proceedings.

Appellant first assigns error on the action of the trial court in rendering judgment for the balance due on the note in suit, with interest on the judgment at the rate of 6 per cent. per annum from date of its rendition until paid, whilst the note bears the contractual rate of 10 per cent. per annum.

Article 5072, R.S., reads: "All judgments of the courts of this State shall bear interest at the rate of six per cent per annum from and after the date of the judgment, except where the contract upon which the judgment is founded bears a specified interest greater than six per cent per annum and not exceeding ten per cent per annum, in which case the judgment shall bear the same rate of interest specified in such contract and after the date of such judgment."

Manifestly, this suit is grounded upon a written contract, bearing interest at the rate of 6½ per cent. per annum from its date until maturity, and, after maturity, at the rate of 10 per cent. per annum until paid, with 10 per cent. additional on the principal and interest, as attorney fees. On November 9, 1934, the note was declared due, in accordance with the acceleration provision of the note, suit was filed on the balance due thereon, on August 17, 1935, and appellant's petition declared for judgment on the amount owing on the note, with interest thereon at the contractual rate of 10 per cent. per annum. It is clear, therefore, that the judgment should have borne the contractual rate. The amount of the principal and interest due on the note on July 2, 1935, after giving it credit for $6,500, the proceeds of sale of the security, is the sum of $3,151.54, which amount bears 10 per cent. interest per annum from that date until paid, and $965.15 attorney fees, bearing 6 per cent. interest from the date of the judgment. We know of no authority, and have been referred to none, that authorizes the rendition of a judgment based upon a written obligation to pay 10 per cent. interest, to bear only 6 per cent. interest. The plain letter of the statute provides that "the judgment shall bear the same rate of interest specified in such contract and after the date of such judgment"; accordingly, the judgment should have been so entered, allowing the interest as stipulated in the note.

Appellant further assigns error in the action of the court in denying it recovery for damages against the injunction bonds, making the points: (1) That it is entitled to the reasonable rental value of the mortgaged property during the effective periods incident to the injunctions, which is admitted to be $80 per month from December 4, 1934, to July 2, 1935; and (2) that, in the alternative, it is entitled to 6 per cent. interest on the value of the security, alleged to be $6,500, for the delay of foreclosure and sale.

■ At the time the injunctions were granted, indeed, the mortgagor, M. P. Stone, was the owner of the mortgaged property and, as such owner, he was entitled to the undisturbed possession and the enjoyment of the revenues therefrom until a foreclosure of the deed of trust and his right of possession divested by sale. The mortgagee, appellant herein, was not entitled to possession until an actual sale was had and it became the purchaser. It was then, and only then, that the rights of the mortgagee in the property, other than a lienholder, were definitely determined. Appellant was not entitled to the reasonable rental value of the property at and during the time of the delay, for the reason it was not then certain that it would have been the successful bidder at the sale. If the foreclosure proceedings had progressed to the point that appellant was the successful bidder and the injunctions prevented it from taking possession, or enjoined the trustee from executing deed and putting it in possession, appellant would have been entitled to such rentals.

In the case of Steves et al. v. Smith et al., 49 Tex.Civ.App. 126, 107 S.W. 141, Albert Steves was the successful bidder at a foreclosure sale; an injunction was granted restraining the sheriff from placing him in possession of the property. In that case, the purchaser was entitled to the possession and the injunction was wrongfully sued out, thus, the court held that the purchaser was entitled to recover on the injunction bond the rental value of the premises up to the time he was placed in possession. We have no such situation here. The one who had the right of possession at the time the rents fell due had the right, as against the other party, to receive them.

■■ It might well be conceded that a person wrongfully procuring the issuance of an injunction is liable for any resultant damages. No definite rule, however, can be stated as to the measure of such damages, other than the statutory items for posting. The damages must be shown with sufficient certainty to authorize the judgment. In the case at bar, perforce of the wrongful injunctions, the foreclosure of the deed of trust was delayed from December 4, 1934, to July 2, 1935, resulting in appellant's debt against appellee, Stone, to be increased at the rate of 10 per cent. per annum, for the time being, without credit. Obviously, had the sale not been prevented by the injunctions, appellant's debt, at that time, would have been reduced by such an amount as the property would have brought at such sale. The evidence, undisputed, shows that the value of the mortgaged property had not deteriorated or increased during the effective period of the injunctions; and there is no evidence of any unusual financial depression or circumstance, or that appellant or any one else would have bid at such sale had it not been prevented, as to justify a conclusion that the property would have brought any more or less than it did bring when it was actually sold. The property eventually was sold for $6,500, and, we think, under the facts and circumstances of the case, it can reasonably be said that, had the sales not been enjoined, a like amount would have been realized from such sale and credited on the debt.

Appellant having been deprived of the use of the $6,500 and his debt against Stone increased by 10 per cent. on the $6,500, as the result of the wrongful injunctions, interest, we think, becomes the element of damage and the amount definitely determined by the sale of the property. Accordingly, appellant, by pleadings, having limited the interest to the rate of 6 per cent. per annum during the time of the effectiveness of the injunctions, the judgment should have been rendered in its favor for the sum of $32.50, on the first injunction bond, and for the sum of $197.17 on the second bond, as of date July 2, 1935, with 6 per cent. interest thereon until paid, crediting the judgment rendered against appellee, M. P. Stone, for such amounts, when paid.

The judgment of the trial court is therefore reformed, allowing appellant 10 per cent. interest per annum on $3,151.54, from July 2, 1935, and 6 per cent. interest on $965.15 from the date of the judgment, March 23, 1936, until paid; and is reversed and rendered, granting to appellant judg-

ment against appellees, jointly and severally, for the sum of $229.67, with 6 per cent. interest from July 2, 1935, until paid, to be credited when collected on the judgment against appellee, M. P. Stone.

Reformed in part, and reversed and rendered in part.