Henry N. KASPAR & Aetna Insurance Co., Appellants,

v.

Ridgell Jackson KELLER, Appellee.

No. 4994.

Court of Civil Appeals of Texas, Waco.

March 25, 1971.

Rehearing Denied April 15, 1971.

Bailey, Williams, Weber & Allums, James A. Williams, Akin, Steinberg & Stanford, Paul H. Stanford, Dallas, for appellants.

Saner, Jack, Sallinger & Nichols, Tim Kirk, Dallas, for appellee.

## OPINION

WILSON, Justice.

This is a suit on a note and on a temporary injunction bond. Motions for summary judgment by appellee Keller against appellants Kaspar and Aetna Insurance Co. were sustained. We affirm in part, and in part reverse.

Kaspar executed an installment deed of trust note to Keller as part consideration for realty purchased under a contract of sale. Kaspar sued Keller for rescission of the contract of sale, recovery of a $75,000 down payment and cancellation of the note, alleging the sale was induced by fraud. Keller answered but filed no counterclaim on the note.

While the suit was pending Keller indicated his intention of foreclosing under the power of sale in the deed of trust, whereupon Kaspar obtained a temporary injunction restraining the foreclosure. Kaspar filed an injunction bond with Aetna as surety conditioned that Kaspar would abide the "decision which may be made in such cause and that he will pay all sums" which "may be adjudged against him if the temporary injunction shall be dissolved".

In the trial of that case on the merits the jury found, in effect, that the sale was not induced by fraud, but the market value of the property at the time of the sale was $86,000. Judgment was rendered in that case that Kaspar take nothing. Sale was then completed under the deed of trust, the

property being sold to Keller for $86,000 which was credited on the note.

The present suit is by Keller against Kaspar for the deficiency, and against Aetna on the injunction bond. The trial court rendered summary judgment against Kaspar for the deficiency and against Aetna on its bond.

### Aetna's appeal

The summary judgment against Aetna on its bond was for $10,200.55 which the trial court assessed as interest on the $86,000 "realized at the trustee's sale for the period the temporary injunction was in force at 10%, the rate provided in the note for interest after maturity". Aetna says its obligation as surety on the bond extends only to damages adjudged against the principal, Kaspar, in the action in which the injunction was issued; and an improper measure of damages was applied in any event.

The first contention is persuasive, but it is unnecessary to decide it. In our opinion the measure of damages applied is not applicable, and since there are no other damages for which the surety is sought to be held liable, this portion of the judgment is reversed.

Keller, the beneficiary in the deed of trust became the purchaser at the trustee's sale in a typical paper transaction by which the note executed by Kaspar was credited with the nominal purchase price of $86,000. Keller lost no interest during the period the injunction was in effect; the accumulation of interest on the note was not interrupted, but it continued to accrue. The mere fact that Keller did not bid accrued interest did not adversely affect the amount of the deficiency. Under the judgment, however, Keller would recover the amount of interest during the injunction period from both Kaspar and Aetna.

True, while the trustee's sale was enjoined the ultimate amount of deficiency

on Kaspar's note was being increased by accrual of interest on the $86,000 sale price eventually credited on the note. But this was damage to *Kaspar*, the principal on the bond. It was not damage to Keller. See Glens Falls Insurance Co. v. First National Bank of Nevada, 83 Nev. 196, 427 P.2d 1 (Nev.Sup.1967).

Appellee urges us to follow Southland Life Ins. Co. v. Stone (Tex.Civ.App., 1938, no writ), 112 S.W.2d 336. The same fallacy, we think, exists in that case. The decision inverts the position of the parties. The court there says if the sale had not been prevented "appellant's (the holder of the note) debt, at that time, would have been reduced" by the sale price, and the mortgagee's debt would have been increased by interest accrual without credit for the purchase price. Increase in the amount of the debt may well have damaged the mortgagor, as was failure to receive credit for the sale price, but no damage resulted thereby to the mortgagee-creditor. The court there also suggests the mortgagee (Southland) was "deprived of the use of" the amount bid as purchase price. The mortgagee was not deprived of the use of these funds. It only advanced and credited the note with the purchase price at the time of the sale.

The cause of action and the judgment against Aetna is severed and reversed, and judgment rendered that as to Aetna plaintiff take nothing.

### Kaspar's appeal

Kaspar assails the summary deficiency judgment against him on the gound that Keller's claim against him on the note was a compulsory counterclaim under Rule 97(a) Texas Rules of Civil Procedure, barred because of Keller's failure to assert it in Kaspar's prior action to cancel the note.

Kaspar executed the deed of trust note to Keller in connection with Kaspar's purchase of realty from Keller. Kaspar later filed suit against Keller to rescind the contract of sale and cancel the note. Keller answered only by general denial. Keller then began proceedings to foreclose under the power of sale in the deed of trust, which Kaspar unsuccessfully sought to enjoin. Keller never asserted a counterclaim on the note in Kaspar's suit to cancel the note, in which final judgment against Kaspar was rendered. Keller thereafter completed foreclosure under the power of sale and filed the present suit against Kaspar for deficiency judgment. Summary judgment was rendered in his favor against Kaspar for $236,712.85.

Rule 97(a), Texas Rules of Civil Procedure provides in part that "a pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter" of the opposing party's claim. Failure to assert such a "compulsory counterclaim" ordinarily bars the claim in a subsequent action. 2 McDonald, Texas Civil Practice (1970 rev.) Sec. 7.49, p. 287.

Keller's counterclaim undoubtedly meets the literal requirements of the Rule so as to constitute it, by its terms, a compulsory counterclaim. Kaspar would require Keller to resort to judicial foreclosure in Kaspar's suit, rather than being later subjected to a deficiency judgment action after extra-judicial foreclosure under the deed of trust.

It is held that the power of sale in a deed of trust is a valuable contract right which "cannot be impaired by any subsequent act of the mortgagor". Hampshire v. Greeves, 104 Tex. 620, 143 S.W. 147, 150 (1912); Mountain Townsite Co. v. Cooper, 123 Tex. 603, 73 S.W.2d 90 (1934).

■ Judicial foreclosure and foreclosure under the power of sale in a deed of trust are remedies which cannot be concurrently prosecuted. Gandy v. Cameron State Bank (Tex.Civ.App., 1928, writ ref.), 2 S.W.2d

971; Babington v. Gray (Tex.Civ.App., 1934), 71 S.W.2d 293; Patterson v. Shell Petroleum Corp. (Tex.Civ.App., 1940, writ dism. J.C.), 143 S.W.2d 208.

The parties have cited no cases, precedential, analogous or persuasive, and we have found none. The principal cases relied on by Kaspar were those in which the mortgagee filed suit on the note and for foreclosure.

We adopt the logic of the trial court that the mortgagor should not be permitted to destroy or impair the mortgagee's contractual right to foreclosure under the power of sale by the simple expedient of instituting a suit, whether groundless or meritorious, thereby compelling the mortgagee to abandon the extra-judicial foreclosure which he had the right to elect, nullifying his election, and permitting the mortgagor to control the option as to remedies.

Rule 815, Texas Rules of Civil Procedure directs that "These rules shall not be construed to enlarge or diminish any substantive rights or obligations of any parties to any civil action". We agree with the trial court that Rule 97(a) is modified by this Rule, and yields to it in the present case. We agree also that since the mortgagee elected the remedy of a trustee's sale, his claim was not ripe for judicial action until the sale was completed and the amount of deficiency determined.

The judgment against Aetna is severed and reversed and judgment here rendered that as to it appellee Keller take nothing. The judgment in favor of Aetna on its cross-claim against Kaspar for $10,200.55 is severed and reversed, and judgment rendered that Aetna take nothing on that portion of its cross-claim. The order taxing costs is vacated. The remainder of the judgment is affirmed.

It is ordered that Aetna recover its costs in the trial and appellate courts one-third against Kaspar and two-thirds against Keller; and that all other costs be taxed against Kaspar.