Louis STILLE, Jr., Jean A. Stille, and
Charles A. Schmidt, Trustee,
Appellants,

v.

R.H. COLBORN and Wanda
Colborn, Appellees.

No. 04–86–00530–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 14, 1987.

Rehearing Denied Nov. 18, 1987.

Charles A. Schmidt, San Antonio, for appellants.

Robert E. Etlinger, San Antonio, for appellees.

Before ESQUIVEL, REEVES and CHAPA, JJ.

## OPINION

REEVES, Justice.

This is a summary judgment case. The trial court denied appellant's suit for collection of a promissory note and foreclosure of a vendor's lien. Appellees contend the claim was a compulsory one that should have been urged in a prior lawsuit.

We reverse and remand.

In May 1982, appellants Louis and Jean Stille (Stille) conveyed their Lake Medina property to Richard and Wanda Colborn (Colborn). In consideration of the sale the Colborns conveyed five acres of land in Wilson County to the Stilles and executed a note payable to them for $135,000.00. The note was secured by a vendor's lien and a deed of trust.

Within two weeks after the Colborns moved to the Lake Medina property they became dissatisfied with it, moved out, and sent the deed back to the Stilles. On July 15, 1982, the Stilles wrote the Colborns that they were in default in the payment of the note in the sum of $1,396.99 and that suit would be filed against them if they did not pay within 10 days of the letter's receipt. However, no suit was filed. Shortly thereafter, the Stilles moved back to the Lake Medina property.

In 1983, the Colborns sued the Stilles seeking damages for alleged violations of the Deceptive Trade Practices Act, rescission of the sale, and damages. The Stilles filed a general denial but did not urge a counterclaim for foreclosure. The

judgment in the 1983 case, which was entered on October 17, 1985, ordered the Stilles to transfer to the Colborns "that one certain General Warranty deed dated June 1, 1982—as required by the agreement" between the Colborns and the Stilles. It further ordered that the Colborns "otherwise take nothing by their suit" and that "all relief not expressly granted is hereby denied." All costs of suit were taxed against the Colborns. Attached to the judgment is the deed of June 1, 1982, reserving the vendor's lien additionally secured by the deed of trust.

In June 1986, the Stilles began non-judicial foreclosure procedures in order to foreclose on the Lake Medina property. The Colborns then filed suit and obtained a temporary restraining order halting the non-judicial foreclosure. But the Stilles did not proceed with the non-judicial foreclosure. Instead, they filed a countersuit to collect on the note and foreclose on the vendor's lien.

Each side filed a motion for summary judgment. The court granted in part the Stilles' motion for summary judgment and ordered that the Colborns take nothing on their suit for breach of warranty, false representation, trespass, and rescission. The court also granted the Colborns' motion that the Stilles take nothing on their suit on the promissory note.[1]

TEX.R.CIV.P. 97(a) (Vernon 1979) provides, in part,

> Compulsary Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ...

The trial court in the 1983 suit only ordered the Stilles to return the deed to the Colborns. Although the Stilles had threatened to sue the Colborns in the event they did not pay one delinquent note payment due,

---

1. The Colborns did not appeal the summary judgment denying their suit for breach of warranty, et cetera.

they did not file suit nor did they accelerate the installment payments not due and demand full payment of the principal. A cause of action accrues when an installment is due and unpaid. *See Gabriel v. Alhabbal,* 618 S.W.2d 894, 897 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Goldfield v. Kassoff,* 470 S.W.2d 216, 217 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). A party is not required to file a counterclaim unless the claim is mature at the time the answer to the suit is due. *Gray v. Kirkland,* 550 S.W.2d 410, 411 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). Since the Stilles had not accelerated the remaining installment payments, a counterclaim on the unpaid balance of the note would have been premature.

■ Moreover, the deed of trust executed by the Colburns in favor of the Stilles provides:

It is agreed that in the event a foreclosure hereunder should be commenced by the trustee, or his substitute or successor, beneficiary may at any time before the sale of said property direct the said trustee to abandon the sale, and may then institute suit for the collection of said note and for the foreclosure of this deed of trust lien; it is further agreed that if beneficiary should institute a suit for the collection thereof, and for a foreclosure of this deed of trust lien, that he may at any time before the entry of a final judgment in said suit dismiss the same, and require the Trustee, his substitute or successor to sell the property in accordance with the provisions of this deed of trust.

Thus, the parties had agreed that the Stilles had the option of seeking judicial or a nonjudicial foreclosure in the event of a default; even to the extent of commencing with one and, before completion, changing to the other. In *Kasper v. Keller,* 466 S.W.2d 326 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.), Kasper purchased realty from Keller and executed a note which was secured by a deed of trust lien on the property. Kasper sued Keller for rescission of the purchase contract and cancellation of the note, contending that the sale was induced by fraud. While the suit was pending, Keller indicated his intention to start nonjudicial foreclosure proceedings pursuant to the provisions of the deed of trust. Kasper obtained a temporary injunction prohibiting the sale during the pendency of the fraud suit. Keller prevailed in the suit and then completed the sale of the property under the deed of trust. The nonjudicial sale was insufficient to satisfy the principal amount of the note, and Keller instituted and prevailed in a suit against Kasper for the deficiency.

Kasper urged on appeal the impropriety of the deficiency judgment asserting that Keller's claim should have been brought in Kasper's fraud case as it was a compulsory counterclaim under TEX.R.CIV.P. 97(a). The Court, while acknowledging that a counterclaim for foreclosure was open to Keller, held,

[T]he mortgagor [Kasper] should not be permitted to destroy or impair the mortgagee's contractual right to foreclosure under the power of sale by the simple expedient of instituting a suit, whether groundless or meritorious, thereby compelling the mortgagee to abandon the extra-judicial foreclosure which he had a right to elect, nullifying his election, and permitting the mortgagor to control the option as to remedies.

*Kasper,* 466 S.W.2d at 329.

The *Kasper* Court also held that rule 97(a) must yield to TEX.R.CIV.P. 815, which provides, "These rules shall not be construed to enlarge or diminish any substantive rights or obligations of any parties to any civil action." *Kasper,* 466 S.W.2d at 329.

We are of the opinion that the options given Stilles in the deed of trust were valuable contract rights that could not be impaired by the filing of the Colborns' suit for violations of the Deceptive Trade Practices Act, rescission, and damages. *See Id.* at 328.

We reverse and remand this case to the trial court for a trial on the merits.