# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20193

DANIEL NUNNERY; ANGELA NUNNERY,

      Plaintiffs - Appellants

v.

OCWEN LOAN SERVICING, L.L.C.; DEUTSCHE BANK NATIONAL
TRUST COMPANY,

      Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-250

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:*

    Daniel and Angela Nunnery sued Ocwen Loan Servicing and Deutsche Bank National Trust Company to prevent foreclosure. The district court granted Ocwen's motion for summary judgment and authorized Ocwen to proceed with foreclosure. Finding no error, we affirm.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20193

## I.

In 2005, Daniel and Angela Nunnery executed a promissory note secured by a deed of trust on their property in Sugar Land, Texas. Following several assignments, Deutsche Bank obtained the note and deed of trust on the property, with Ocwen Loan acting as the mortgage servicer. The Nunnerys failed to make regular payments and defaulted on the note as of May 1, 2009. On July 21, the prior mortgage servicer sent the Nunnerys a letter of default and intent to accelerate. Subsequently, the servicer scheduled a foreclosure.

The Nunnerys filed a lawsuit in Texas state court disputing the servicer's authority to foreclose on the property. During this first suit, the defendants—Deutsche Bank and the previous mortgage servicer—did not file a counterclaim seeking an order of judicial foreclosure. They did, however, mail the Nunnerys two notices allegedly abandoning acceleration on the note. First, on September 25, 2012, the previous mortgage servicer sent a letter to the Nunnerys titled "Notice of Rescission of Acceleration of Loan Maturity."[1] The following year, Ocwen sent a similar letter to the Nunnerys' attorney.[2] Eventually, the Nunnerys voluntarily nonsuited this first lawsuit.

---

[1] This notice stated that:

> [W]ithout prejudice or waiver of any right or remedy available to it by reason of any past or future default, other than the specified default, hereby rescinds the Acceleration of the debt and the maturity of the Note that occurred on [April 27, 2012]. This notice is subject to any subsequent Notice of Acceleration that may have been given since the date of acceleration referenced in this Notice, and the Note and Deed of Trust are now in effect in accordance with their original terms and conditions, as though no acceleration took place.

[2] This letter stated:

> Please be advised that acceleration of the Loan at issue in this suit, Ocwen Loan Servicing, LLC Loan No. 7142748743 (homeward Residential, Inc. Loan No. 4000810574) has been abandoned, and the Loan has been un-accelerated. Lender, Deutsche Bank National Trust Company, . . . reserve[s] all rights under the Note and Deed of Trust to accelerate the Loan in the future upon proper notice. As counsel of record, we are providing this Notice to you as proper service under the Loan. Please forward this Notice to your clients.

No. 15-20193

After that lawsuit, the Nunnerys remained in arrears. Accordingly, in late 2013, Ocwen and Deutsche Bank mailed a new notice of default and intent to accelerate to the Nunnerys. Under this notice, the note was accelerated effective January 13, 2014, and the foreclosure sale was set for February.

Before the foreclosure could occur, the Nunnerys brought the present action in Texas state court, challenging Appellees' authority to foreclose. Ocwen removed the action to the federal court on the basis of diversity jurisdiction and sought an order of foreclosure. The district court granted Ocwen's motion for summary judgment. The Nunnerys timely appealed.

## II.

"We review a grant of summary judgment de novo, applying the same standards as the trial court." *R & L Inv. Prop., L.L.C. v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties agree that Texas law governs. "In determining questions of Texas law, this court looks to decisions of the Texas Supreme Court, which are binding." *Packard v. OCA, Inc.*, 624 F.3d 726, 729 (5th Cir. 2010). "The decisions of Texas intermediate appellate courts may provide guidance, but are not controlling." *Id.*

## III.

The Nunnerys argue that the district court erred in two respects. First, they argue that the district court should not have granted summary judgment because Ocwen never effectively rescinded the 2009 acceleration of the note; therefore, according to the Nunnerys, the statute of limitations had run and Ocwen could not foreclose. Second, the Nunnerys argue that the prior servicer was required to move for a judicial foreclosure in the first lawsuit and that, because it failed to do so, Ocwen should be barred from foreclosing now. We address each argument in turn.

3

No. 15-20193

The Nunnerys contend that the 2009 acceleration of the loan was never rescinded because unilateral actions of a lender cannot rescind an acceleration. This argument, however, is foreclosed by our precedent.

We addressed this issue in *Boren v. United States National Bank Ass'n*, 807 F.3d 99 (5th Cir. 2015). There, we noted that "the Texas Supreme Court has not decided whether a lender may abandon its acceleration of a loan by its own unilateral actions and, if so, what actions it must take to effect abandonment." *Id.* at 105. Thus, "we must make an '*Erie* guess' as to how the Court would resolve this issue." *Id.* "In making an *Erie* guess, we defer to intermediate state appellate court decisions, unless convinced . . . that the highest court of the state would decide otherwise." *Mem'l Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir. 2008). Moreover, "Texas' intermediate appellate courts are in agreement that the holder of a note may unilaterally abandon acceleration after its exercise, so long[] as the borrower neither objects to abandonment nor has detrimentally relied on the acceleration." *Boren*, 807 F.3d at 105.

Not only *may* lenders unilaterally rescind an acceleration, Ocwen did so here. A lender unilaterally abandons acceleration of a note "by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms." *Id.* Abandonment is even clearer when, as here, it is express: Ocwen's 2013 notice stated "that acceleration of the Loan . . . has been abandoned, and the Loan has been un-accelerated." Accordingly, Ocwen effectively rescinded the acceleration and "the statute of limitations period under § 16.035(a) ceased to

run at that point and a new limitations period did not begin" until the note was re-accelerated. *Boren*, 807 F.3d at 106.[3]

Second, the Nunnerys argue that the counterclaim for a foreclosure order was barred because it was a compulsory counterclaim in the earlier lawsuit. This argument has superficial appeal, under both federal and Texas procedural rules. *See* Tex. R. Civ. P. 97(a); *Ingersoll–Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999). However, a Texas Court of Civil Appeal has previously recognized:

> the mortgagor should not be permitted to destroy or impair the mortgagee's contractual right to foreclosure under the power of sale by the simple expedient of instituting a suit, whether groundless or meritorious, thereby compelling the mortgagee to abandon the extra-judicial foreclosure which he had the right to elect, nullifying his election, and permitting the mortgagor to control the option as to remedies.

*Kaspar v. Keller*, 466 S.W.2d 326, 329 (Tex. Civ. App.—Waco 1971, writ ref'd n.r.e.). And we have previously held that under the *Kaspar* rule, "lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default, and debtors have no right to force the lender to pursue a judicial foreclosure remedy." *Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1993). Accordingly, "[a]pplication of [R]ule 13(a) in the instant case would abridge the lender's substantive rights and enlarge the debtor's substantive rights," which is forbidden by the Rules Enabling Act. *Id.* Following this logic, we hold that Rule 13(a) does not apply and that loan servicers do not forfeit their right to a judicial foreclosure by not moving for judicial foreclosure in a prior lawsuit.

---

[3] The Nunnerys also argue that Ocwen did not comply with the recently enacted Texas Civil Practice and Remedies Code § 16.038, which sets out a procedure for rescinding the acceleration of a note. This is irrelevant, however, because "[t]he statute does not . . . create an exclusive method for abandoning or waiving acceleration." *Boren*, 807 F.3d at 106.

No. 15-20193

The Nunnerys contend that the present case is distinguishable from the facts in *Douglas* and *Kaspar* on two grounds.  First, *Douglas* and *Kaspar* involved a situation where the borrower's original lawsuit did not arise out of the lender's foreclosure sale.  *Douglas*, 979 F.2d at 1129 (noting that the borrowers originally brought a class action based on fraud against the lender); *Kaspar*, 466 S.W.2d at 327 (noting that the borrower originally sued the lender for rescission of a contract of sale).  Second, in the present case, the lender had already exercised its right to a non-judicial foreclosure and, according to the Nunnerys, therefore "the lender should be required to continue to pursue its foreclosure as a compulsory counterclaim."

These distinctions are unavailing.  As recently as last year, Texas courts continued to recognize and broadly apply the *Kaspar* rule to new fact patterns, such as foreclosure claims arising from home-equity liens, *Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 431–34 (Tex. Civ. App.—Houston [1st Dist.] 2015, no pet.), and against a party who purchased the property from the original borrower, *Alfatouni v. Montoya*, No. 02-13-00064-CV, 2015 WL 1956357, at *3–4 (Tex. Civ. App.—Fort Worth Apr. 30, 2015, no pet.) (mem. op.).   And while the Nunnerys contend that judicial economy supports distinguishing the present matter, the courts have broadly applied the *Kaspar* rule based on its underlying purpose "to preserve the lender's remedy choice and to curtail a debtor's ability to control what remedy a creditor may pursue." *Steptoe*, 464 S.W.3d at 434.  We therefore decline to create a new exception to the broad *Kaspar* rule exempting foreclosure orders from being considered compulsory counterclaims.

IV.

Accordingly, the judgment of the district court is, in all respects

AFFIRMED.