

# NUMBER 13-17-00118-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CAROLYN CASTERLINE,                                                    Appellant,

v.

ONE WEST BANK, FSB,                                                    Appellee.

## On appeal from the 36th District Court
## of San Patricio County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Contreras and Benavides
### Memorandum Opinion by Justice Benavides

This is an appeal from an order granting summary judgment in favor of appellee

OneWest Bank, FSB (OneWest)[1] and denying appellant Carolyn Casterline's motion for

summary judgment.  By three issues, which we treat as three sub-arguments to one central

---

[1] OneWest advised this Court in its briefing that in 2014, it converted its charter from a federal savings bank to a national association and changed its name to "OneWest Bank N.A."  In 2015, OneWest changed its name to CIT Bank, N.A.  We recognize the name change, but to avoid confusion, we will continue to refer to appellee as OneWest throughout this opinion and judgment.

issue, Casterline contends that the trial court erred by granting OneWest's motion for summary judgment and denying her motion. We affirm.

## I.  BACKGROUND

In June 2007, Casterline executed and delivered to IndyMac Bank, FSB a Texas Home Equity Note (the home equity note) in the amount of $520,000.00, secured by a deed of trust note to property located at 103 Bay Court in Aransas Pass, Texas and owned by Casterline. Mortgage Electronic Registration Systems, Inc. (MERS) was listed as the beneficiary of the deed of trust (the deed of trust). MERS subsequently assigned its interest in the deed of trust to OneWest.

On December 8, 2009, OneWest sent Casterline a written notice of default letter explaining that she was in "serious default" and needed to pay $13,096.92 to cure the default. The letter further explained that Casterline's failure to cure the default would result in OneWest accelerating her note and would result in foreclosure of her property.

On February 8, 2010, legal counsel for OneWest sent a written notice of acceleration of the note to Casterline, declaring that she was in default, default had not been cured, and due to this failure, OneWest would accelerate the maturity of the loan and declare the entire balance of principal and accrued interest due and payable. The notice further stated that the total payoff-balance of the loan as of January 15, 2010 was $534,674.25, plus attorney's fees of $1,200. On February 7, 2014, OneWest filed the present suit against Casterline seeking to foreclose its lien on the Bay Court property, pursuant to the deed of trust that secured the home equity note.

Casterline subsequently answered OneWest's lawsuit and filed a traditional motion for summary judgment arguing that res judicata barred OneWest's claims because they

were asserted in a prior proceeding. OneWest responded to Casterline's motion by arguing that res judicata did not apply to the question of whether OneWest was entitled to a judicial foreclosure order because the merits of such a request were not decided against it.

Following Casterline's motion for summary judgment, OneWest filed its own traditional motion for summary judgment, asserting that it was entitled to judicial foreclosure as a matter of law because: (1) it was assignee of the home equity note and corresponding deed of trust; (2) Casterline was in default on the home equity note since 2009; and (3) Casterline was properly notified of the default and acceleration of the notes. Casterline responded by arguing that OneWest did assert relief for judicial foreclosure in a prior proceeding, but even if it had not, it was obligated to do so in the prior litigation that has since been dismissed.

Casterline later supplemented her motion for summary judgment and response to OneWest's motion for summary judgment. In her new pleading, Casterline added that OneWest's claims were barred based on the applicable four-year limitations period.

The trial court subsequently denied Casterline's motion for summary judgment and granted OneWest's motion. In its final judgment, the trial court ordered that OneWest was permitted to proceed with foreclosure of the Bay Court property. This appeal followed.

## II. SUMMARY JUDGMENT

By three issues, which we treat as one, Casterline asserts that the trial court erred by granting OneWest's motion for summary judgment and denying her motion for summary judgment. Specifically, Casterline argues that: (1) OneWest's claim was barred by the applicable statute of limitations; (2) res judicata bars OneWest's claims against Casterline;

3

and (3) even if OneWest had not pursued the exact claims in the prior proceeding, it should have, and any attempt to assert them now are barred.

## A.    Standard of Review

We review the trial court's granting of a traditional motion for summary judgment de novo. *Id.* When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The movant bears the burden of proof, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Nalle Plastics Fam. Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 200 (Tex. App.—Corpus Christi 2013, pet. denied). We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id.*

When both sides move for summary judgment, as they did here, and the trial court grants one motion and denies the other, reviewing courts consider both sides' summary-judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010).

## B.    Discussion

### 1.  Limitations

Casterline first argues that OneWest's claims against her were barred by the applicable statute of limitations.

In Texas, a secured lender must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a) (West, Westlaw through 2017 1st C.S.). On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void. *Id.* § 16.035(d). As in this case, when a note payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment. *Id.* § 16.035(e).

The question of when a cause of action accrues is a question of law, not fact. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001). A party moving for summary judgment on limitations grounds must prove when the cause of action accrued. *Id.*

If a note or deed of trust secured by real property contains an optional acceleration clause, default does not ipso facto start limitations running on the note. *Id.* at 566. Rather, the action accrues only when the holder actually exercises its option to accelerate. *Id.* Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration. *Id.* Even when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity. *Id.* at 566–67.

Casterline argues that OneWest accelerated her note on January 15, 2010. OneWest contends, however, that it accelerated on February 8, 2010. We agree with OneWest.

5

The record undisputedly shows that through its legal counsel, OneWest sent a notice of acceleration to Casterline dated February 8, 2010. It is also undisputed that the February 8, 2010 notice of acceleration explains that the total payoff of the loan "as of January 15, 2010 is $534,674.25, plus attorney's fees of $1,200.00." Nothing in that written notice—nor in this record, for that matter—states that the acceleration became effective on January 15, 2010. To the contrary, the notice at issue states that OneWest's prior notice of intent to accelerate had previously been sent to Casterline, and the default had not yet been cured. The notice further states that because of this failure, OneWest "hereby accelerates the maturity of [the] loan, and declares the entire unpaid balance of principal and accrued interest on the loan due and payable without further demand." Under *Holy Cross*, OneWest established effective acceleration as a matter of law beginning on February 8, 2010. *Id.* at 566. Therefore, in this case, the cause of action accrued in this case on February 8, 2010 and ran for four years from that date, making OneWest's February 7, 2014 filing timely. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a). We conclude that the trial court did not err in denying summary judgment on limitations grounds.[2]

## 2. Res Judicata and Compulsory Counterclaim

### a. Prior Federal Litigation Did Not Establish Res Judicata

Next, Casterline argues that the trial court erred in failing to conclude that OneWest's claims were barred by res judicata due to a prior federal court proceeding, which was dismissed by a federal district court in December 2012. We disagree.

---

[2] We recognize that OneWest advances two alternative arguments on the limitations issue: (1) abandonment; and (2) tolling. However, because we have concluded that Casterline's limitations argument failed as a matter of law because the cause of action accrued on February 8, 2010, when OneWest sent the notice of acceleration, we decline today to address these alternative arguments. *See* TEX. R. APP. P. 47.1.

6

The doctrine of res judicata is an affirmative defense that prevents parties and their privies from relitigating a cause of action that has been finally adjudicated by a competent tribunal. *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206–07 (Tex. 1999); *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992). Claims or defenses that, through diligence, should have been litigated in the prior suit but were not are also precluded. *Ingersoll-Rand*, 997 S.W.2d at 207. The purpose behind this doctrine is to prevent causes of action from being split, thus curbing vexatious litigation and promoting judicial economy. *Id.* Res judicata, however, does not bar a former defendant who asserted no affirmative claim for relief in an earlier action from stating a claim in a later action that could have been filed as a cross-claim or counterclaim in the earlier action, unless the claim was compulsory in the earlier action. *Id.*

In support of her position of this res judicata argument, Casterline attached various federal pleadings and filings from the year 2011 and 2012, under case number 2:12-cv-00150 and styled *Carolyn Casterline v. OneWest Bank*, *F.S.B.* filed in the United States District Court for the Southern District of Texas—Corpus Christi Division. Among the relevant documents in the record is a "Memorandum and Recommendation on [OneWest's] Motion for Summary Judgment" signed by a United States Magistrate Judge.

According to the magistrate's memorandum, Casterline initially sought relief in state court opposing OneWest's entitlement to foreclose on her property prior to the action being removed to federal court. Specifically, Casterline challenged OneWest's status as holder of the equity note and deed of trust at issue in this case. Casterline further argued that because OneWest did not own the equity note or deed of trust, it could not seek satisfaction of the note through foreclosure. The magistrate disagreed and held as a

7

matter of law that OneWest was the holder of the equity note. Furthermore, the magistrate concluded that Casterline's claims should be dismissed and that OneWest was entitled to foreclose on Casterline's property pursuant to its assignment of the deed of trust.

The record subsequently shows that United States District Judge Nelva Gonzales Ramos conducted a de novo review of Casterline's objections to the magistrate's memorandum, overruled Casterline's objections, adopted the magistrate's memorandum, and concluded that OneWest demonstrated that it was fully authorized to foreclose its lien. Judge Ramos then signed a final judgment dismissing the action with prejudice. Following the signing of the final judgment in federal court—and during the pendency of the present lawsuit—OneWest filed a "Motion to Amend Judgment" with the United States District Court, and requested that the federal court amend its final judgment to state that the judgment was not final and allow OneWest to proceed in obtaining an order of foreclosure in order to preclude Casterline from arguing that OneWest was barred from foreclosing its lien. Nothing in the record shows that OneWest's motion was ruled upon.

The present action brought by OneWest deals with whether it had established the proper procedure to order foreclosure on the deed of trust pursuant to section 51.002 of the Texas Property Code. Based upon our review of the record of the prior federal litigation, the federal district court did not adjudicate the current relief that OneWest now seeks in this appeal—that is, an order of foreclosure on the deed of trust, despite its subsequent request in its "Motion to Amend Judgment." Nevertheless, because this particular issue has not been adjudicated, we conclude that the trial court did not err by denying Casterline's motion summary judgment on res judicata grounds. *See Ingersoll-Rand*, 997 S.W.2d at 206–07.

8

**b. Compulsory Counterclaim Rule Does Not Bar OneWest's Present Action**

Finally, by her third issue, Casterline argues that OneWest's relief sought in the present lawsuit under Texas Rule of Civil Procedure 735 allowing for a judicial foreclosure was a compulsory counterclaim under Texas Rule of Civil Procedure 97(a) that OneWest failed to assert in the prior federal litigation, and therefore, should have been barred as a matter of law. *See* TEX. R. CIV. P. 97(a); 735.

A counterclaim is compulsory if: (1) it is a claim within the jurisdiction of the court; (2) not the subject of a pending action; (3) which at the time of filing the pleading the pleader has against any opposing party; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (5) does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. *See* TEX. R. CIV. P. 97(a); *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 292–93 (Tex. 2016) (clarifying the reading of Rule 97(a)).

One noted exception to the compulsory counterclaim rule is the *Kaspar* rule. *See Kaspar v. Keller*, 466 S.W.2d 326, 327–29 (Tex. Civ. App.—Waco 1971, writ ref'd n.r.e.). In *Kaspar*, Kaspar executed an installment deed of trust note to Keller as part consideration for real property purchased under a contract of sale. *Id.* at 327. Kaspar then sued Keller alleging that the sale was induced by fraud and sought relief to rescind the contract of sale, recovery of the $75,000 down payment, and cancel the note. *Id.* Keller filed no counterclaim on the note. *Id.* During the pendency of the suit, Keller expressed his intent to foreclose under the power of sale in the deed of trust, but Kaspar obtained a temporary injunction to restrain the foreclosure. *Id.* In response, Kaspar obtained a temporary injunction restraining the foreclosure, and Kaspar also filed an

injunction bond with Aetna acting as surety. *Id.* At trial, the jury found that the underlying sale was not induced by fraud, the market value of the property at the time of the sale was $86,000, and judgment was rendered that Kaspar take nothing. *Id.* The property then sold to Keller for $86,000, which was credited to the note. *Id.* Keller then initiated a separate suit and sued Kaspar for the deficiency and Aetna on the injunction bond. *Id.* The trial court rendered summary judgment against Kaspar on both claims. *Id.*

On appeal, Kaspar asserted that Keller's claim against him on the note was a compulsory counterclaim under Rule 97(a) of the rules of civil procedure because Keller failed to assert it in Kaspar's prior action. *Id.* The *Kaspar* court recognized that Keller's counterclaim "undoubtedly" met the literal requirements of Rule 97(a), but also noted that "the power of a sale in a deed of trust is a valuable contract right which cannot be impaired by any subsequent act of the mortgagor." *Id.* at 328 (internal quotations omitted). Furthermore, the court held that "judicial foreclosure and foreclosure under the power of sale in a deed of trust are remedies which cannot be concurrently prosecuted." *Id.* Finally, in affirming the summary judgment in favor of Keller in its claims against Kaspar, the court held that a

> mortgagor should not be permitted to destroy or impair the mortgagee's contractual right to foreclosure under the power of sale by the simple expedient of instituting a suit, whether groundless or meritorious, thereby compelling the mortgagee to abandon the extra-judicial foreclosure which he had the right to elect, nullifying his election, and permitting the mortgagor to control the option as to remedies.

*Id.* at 329.

The *Kaspar* rule has been extended to home-equity liens, as well. *See Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 434 (Tex. App.—Houston [1st Dist.] 2015, no pet.). In *Steptoe*, the Houston Court of Appeals held that when, as in this case, a home-

10

equity lien allows for alternate remedies on the mortgagor's default, the *Kaspar* rule applies. *Id.* The reasoning for this is that a borrower should not be allowed to deprive its lender a choice of remedies. *Id.* at 433. The *Steptoe* Court went on to explain that a home-equity lender may choose to pursue a special procedure found in Rule 736 to obtain an order allowing it to proceed with a non-judicial foreclosure under the Texas Property Code. *Id.*; *see* TEX. R. CIV. P. 736; TEX. PROP. CODE ANN. § 51.002. In a Rule 736 proceeding, only one issue may be decided: the right of the applicant to obtain an order to proceed with foreclosure under the security instrument and section 51.002 of the Texas Property Code. *Steptoe*, 464 S.W.3d at 433 (internal citations omitted). This means that a Rule 736 proceeding cannot be brought as a counterclaim in a borrower's suit against the lender because "it is a special, expedited proceeding with a unique procedural mechanism that is not compatible with the administration of a suit brought by a borrower to challenge the propriety of a loan agreement." *Id.* Lastly, the *Steptoe* court went on to state that were it to hold the opposite and conclude that the *Kaspar* rule does not apply to a home-equity lien which includes a bargained-for power-of-sale provision, it

> would necessarily be requiring such a lender to assert a counterclaim to preserve its foreclosure rights. This would result in the impairment of the lender's right to pursue one [of] its remedies, namely a Rule 736 proceeding. To abridge a creditor's remedy, particularly one specifically crafted to provide a remedy under a special set of circumstances, would be antithetical to the underlying purpose of the *Kaspar* rule, which is to preserve the lender's remedy choice and to curtail a debtor's ability to control what remedy a creditor may pursue. . . . Requiring a lender to assert a counterclaim to preserve its foreclosure rights has the potential to encourage the filing of meritless suits by borrowers for the purpose of interfering with a creditor's choice of remedy.

*Id.* at 434.

11

We find the *Steptoe* analysis persuasive and hereby adopt it in this case. We conclude that OneWest was not required to assert a counterclaim in the federal litigation to preserve the foreclosure claim that it asserts today. Accordingly, the trial court did not err by denying Casterline's summary judgment on this ground.

### 3. Summary

In summary, for the foregoing reasons, the trial court did not err by denying Casterline's motion for summary judgment. Additionally, after reviewing the record, we conclude that the trial court did not err in granting OneWest's motion for summary judgment because OneWest showed itself entitled as a matter of law to proceed with foreclosure pursuant to the deed of trust under Rule 736 and property code section 51.002. *See* TEX. R. CIV. P. 736.1; TEX. PROP. CODE ANN. § 51.002.

We overrule Casterline's three issues.

### III.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Delivered and filed the
12th day of April, 2018.

12