# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00436-CV

---

**Alice Byrd, Appellant**

**v.**

**Nationstar Mortgage, LLC, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. 22-0069, THE HONORABLE JOE POOL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In this foreclosure case, Alice Byrd appeals the trial court's judgment granting Nationstar Mortgage, LLC's traditional and no-evidence motion for summary judgment and denying Byrd's traditional motion for summary judgment. We affirm.

## BACKGROUND

Byrd purchased her home in Buda in February 2014 with the assistance of a 30-year mortgage from Cornerstone Home Lending. She also executed a deed of trust that encumbered the home and secured the note's repayment. Cornerstone Home Lending assigned her mortgage to Lakeview Loan Servicing LLC, which currently holds the deed of trust. Nationstar services Byrd's mortgage.

In 2015, Byrd became sick, lost her primary employment, and stopped making the required monthly mortgage payments on her home. Byrd has not made a mortgage payment since January 2016.

After a six-month forbearance period and advising Byrd of her default, Lakeview accelerated the note in May 2017 and set a foreclosure sale for June 2017. Byrd sued Lakeview and her previous mortgage servicer, Cenlar FSB, to stop the foreclosure, asserting claims for breach of contract, violations of the federal Fair Debt Collection Practices Act, and violations of the Texas Deceptive Trade Practices Act. Byrd secured injunctive relief that halted the June 2017 foreclosure sale. But a federal district court ultimately granted summary judgment in favor of Lakeview and Cenlar, which the Fifth Circuit later affirmed. *See Byrd v. Lakeview Loan Servicing, L.L.C.*, 855 F. App'x 187, 189 (5th Cir. 2021) (per curiam).

In September 2021, shortly after Nationstar became Byrd's mortgage servicer, Nationstar notified Byrd that she was delinquent on her mortgage loan. Nationstar demanded that Byrd pay the overdue amount of $129,429.26 by December 22, 2021, and warned her that if she did not pay that amount, Nationstar would "accelerate the entire sum of both principal and interest due and payable, and invoke any remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property."

Byrd did not make the requested payment and instead filed this suit against Nationstar in January 2022. She argued that the lien on her home is void because Cenlar, Nationstar's predecessor, did not foreclose on the property within four years of accelerating the note. Specifically, Byrd contended that Cenlar's May 2017 notice of acceleration had not been abandoned, and because four years had passed since that acceleration date, the limitations period had lapsed such that any attempt to foreclose would be time barred. *See* Tex. Civ. Prac. & Rem.

2

Code § 16.035 (providing four-year statute of limitations for both judicial foreclosure and foreclosure under power of sale in security instrument). Byrd sought declaratory judgment, plus attorney's fees, and she asserted a quiet title claim based on the same argument.

Nationstar answered with a general denial and affirmative defenses and, shortly after, filed a hybrid motion for traditional and no-evidence summary judgment. In the traditional portion of its motion, Nationstar maintained that, among other things, the statute of limitations has not expired because limitations was tolled during Byrd's earlier lawsuit for at least 1,405 days. The evidence Nationstar attached in support of its summary-judgment motion included the temporary restraining order preventing the June 2017 foreclosure sale, Byrd's amended complaint and application for injunctive relief following removal to federal court, the federal district court's order granting Lakeview and Cenlar summary-judgment relief, and the Fifth Circuit's opinion affirming that judgment.

Byrd opposed Nationstar's summary-judgment motion and moved for partial summary judgment on her declaratory judgment and quiet title claims, in which she reiterated the arguments in her pleadings.[1] Byrd's summary-judgment evidence also included orders from the prior lawsuit, as well as the deed of trust, the May 2017 notice of acceleration, and mortgage statements from January 2018 through July 2021.

After hearing both motions, the trial court denied Byrd's motion and granted Nationstar's, entering a final take-nothing judgment in Nationstar's favor. Byrd appeals.

---

[1] Byrd moved for summary judgment on her declaratory judgment and quiet title claims but reserved her attorney's fees issue.

3

**STANDARD OF REVIEW**

We review the trial court's summary-judgment decision de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "'When both parties move for summary judgment and the trial court grants one motion and denies the other, as here, we review both sides' summary judgment evidence and render the judgment the trial court should have rendered.'" *BCCA Appeal Grp. v. City of Houston*, 496 S.W.3d 1, 7 (Tex. 2016) (quoting *Southern Crushed Concrete, LLC v. City of Houston*, 398 S.W.3d 676, 678 (Tex. 2013)). A defendant moving for traditional summary judgment must conclusively negate at least one element of the plaintiff's claim or conclusively establish each element of an affirmative defense to the claim. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). Traditional summary judgment is proper when the movant establishes that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). We take as true all evidence favorable to the nonmovant, indulge every reasonable inference in the nonmovant's favor, and resolve any doubts in the nonmovant's favor. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When the trial court grants a defendant's summary judgment without specifying the reasons, as in this case, we must affirm if any theory asserted in the defendant's summary-judgment motion has merit. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

**DISCUSSION**

Byrd raises seven issues on appeal;[2] however, Nationstar's argument regarding the statute of limitations is dispositive, so our analysis is limited to that point. *See* Tex. R. App. P. 47.1

A real-property lien can be foreclosed two different ways: judicial foreclosure and non-judicial foreclosure. Tex. Civ. Prac. & Rem. Code § 16.035(a–b). Judicial foreclosure occurs when a party successfully sues for recovery of real property under a real-property lien. *Id.* at (a). Non-judicial foreclosure occurs when a party sells real property under a power of sale that was created by a mortgage or deed of trust. *Id.* at (b). A secured lender seeking to foreclose under either method must do so no later than four years after the day the cause of action accrues. *Id.* at (a–b).

---

[2] Byrd presents her appellate issues as follows:

(1) Is the non-moving party required to provide evidence of an element that is not an element of any cause of action in a no-evidence motion for summary judgment?

(2) Does a mortgage statement identifying an amount required to cure a default (as the mortgagor has a right to do under the deed of trust) operate to abandon acceleration particularly when that statement reiterates the accelerated status of the loan with unambiguous text setting forth the accelerated amount due as of the date of the statement it is printed upon?

(3) Was the August 31, 2021 letter effective to retroactively abandon acceleration as of May 17, 2018?

(4) Did Nationstar waive the unplead[ed] affirmative defense of equitable tolling?

(5) Is Nationstar entitled to equitable tolling of limitations due to pending or prior litigation?

(6) Did Nationstar provide any competent evidence the loan was "a federally backed mortgage" or "guaranteed by the FHA, that being the Federal Housing Administration" to invoke any equitable tolling of limitations?

(7) Did the trial court err in denying Byrd's motion for partial summary judgment?

5

Whether and when accrual occurs is a legal question. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). When, as here, the note or deed of trust contains an acceleration clause, the cause of action accrues, and the limitations period begins to run, when the "holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). But when "a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991) (quoting *Walker v. Hanes*, 570 S.W.2d 534, 540 (Tex. App.—Corpus Christi–Edinburg 1978, writ ref'd n.r.e.)); *see also Murphy v. HSBC Bank USA*, 95 F. Supp. 3d 1025, 1036 (S.D. Tex. 2015) (noting that *Hughes* principle "applies in the foreclosure context"); *Merry Homes, Inc. v. Luc Dao*, No. 14-16-00724-CV, 2017 WL 4159206, at *3 (Tex. App.—Houston [14th Dist.] Sept. 19, 2017, no pet.) (mem. op.) ("[C]ourts have noted that the accrual date on a claim may be delayed where the viability of a cause of action depends upon the outcome of another case, or a legal impediment delays the party from bringing the cause of action." (citing *Rogers v. Ricane Enters., Inc.*, 930 S.W.2d 157, 167 (Tex. App.—Amarillo 1996, writ denied))). And "the power of sale in a deed of trust is a valuable contract right which 'cannot be impaired by any subsequent act of the mortgagor.'" *Cloward v. U.S. Bank Tr., N.A.*, No. 05-18-01397-CV, 2020 WL 4435306, at *4 (Tex. App.—Dallas Aug. 3, 2020, pet. denied) (mem. op.) (quoting *Kaspar v. Keller*, 466 S.W.2d 326, 329 (Tex. App.—Waco 1971, writ ref'd n.r.e.)).

We agree with Nationstar that the statute of limitations was tolled during Byrd's prior suit, beginning on the date she filed her original petition, May 29, 2017, and ending on the date the Fifth Circuit issued its opinion affirming summary judgment in the defendants'

6

favor, April 2, 2021. *See Castillo v. Branch Banking & Tr. Co.*, No. 05-19-00854-CV, 2020 WL 1983361, at *6 (Tex. App.—Dallas Apr. 27, 2020, pet. denied) (mem. op.) (noting that "tolling period lasts 'until all appeals on the underlying claim are exhausted *or* the litigation is otherwise finally concluded'" (quoting *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122 (Tex. 2001))). Byrd's prior suit maintained that Lakeview and Cenlar (Nationstar's predecessor) could not foreclose on her property because of their purported breaches of contract and violations of state and federal laws. Because foreclosure either depended on the outcome of Byrd's prior suit or would have "result[ed] in judicial complications" had it been pursued during that suit, the statute of limitations was tolled during this litigation. *Id.* at *5 ("[A] statute of limitations is tolled for a second cause of action in instances where the viability of that second cause of action necessarily depends upon the outcome of the first case and the pursuit of the second case prior to that outcome would either be improper or result in judicial complications." (citing *Rogers*, 930 S.W.2d at 167)); *see also Pogue v. Williamson*, 605 S.W.3d 656, 670–71 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (determining limitations was tolled while permanent injunction was effective because secured lenders could not pursue non-judicial remedies).

Byrd argues that Nationstar did not properly raise the tolling-of-limitations issue because it did not expressly plead it as an affirmative defense.[3] *See* Tex. R. Civ. P. 94 (requiring party to set forth "any . . . matter constituting an avoidance or affirmative defense" including "limitations"). However, "Rule 94's requirement of pleading is not absolute," including where a defense "is apparent on the face of the petition and established as a matter of law." *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992). Here, Nationstar did not assert limitations as an

---

[3] Nationstar raised several affirmative defenses in its answer, but it did not specifically list tolling as one of them.

affirmative defense to Byrd's claims. Instead, it contended that Byrd's claims based on limitations failed as a matter of law because limitations were tolled during her prior lawsuit. Byrd's petition specifically invokes the applicable statute of limitations and the May 2017 accrual date she relies on in support of her claims. Thus, even assuming Nationstar was required to plead tolling under Rule 94, this case presents a circumstance in which that defense "is apparent on the face of the petition and established as a matter of law." *Id.*; *see also Texas Tax Sols., LLC v. City of El Paso*, 593 S.W.3d 903, 909 (Tex. App.—El Paso 2019, no pet.) (applying *Shoemake* and determining defendant did not need to plead issue apparent on face of petition and established as matter of law).

Because Nationstar conclusively established that limitations had not run and because both Byrd's quiet title and declaratory judgment claims rely on the conclusion that limitations have run, the trial court correctly granted summary judgment in Nationstar's favor. We overrule Byrd's issues on limitations. Due to our disposition, we do not need to address Byrd's remaining issues.[4] *See* Tex. R. App. P. 47.1.

## CONCLUSION

Because the trial court correctly granted Nationstar's motion for summary judgment and denied Byrd's, we affirm the trial court's judgment.

---

[4] This includes Byrd's evidentiary objections to Nationstar's corporate representative's affidavit, as the trial court could have properly granted summary judgment without regard to that affidavit.

_____

Rosa Lopez Theofanis, Justice

Before Justices Theofanis, Crump, and Ellis

Affirmed

Filed:   July 2, 2025